## 24468.   SHEFFIELD *v.* LOVERING.

SUTTON, J.   Plaintiff, by next friend, sued on account of alleged injuries received by her while riding as a passenger in a school motor-bus operated by the defendant for hire along a certain route, transporting school children to and from a named school during school days. She alleged that she was damaged on account of personal injuries sustained because of the defendant's negligence, in the sum of $1000, and further sought to recover $25 for medical and other expenses incurred because of such injuries. The defendant demurred to the petition, upon the ground, among others, that the plaintiff could not recover for these medical and other expenses, she being an infant child and the right to recover therefor being in her father, if he was in life. The court

overruled this demurrer and the defendant excepted pendente lite. The trial resulted in a verdict in the plaintiff's favor for $275. The defendant moved for a new trial, the motion was overruled, and he excepted.

1. The court charged the jury that "one who operates a motor school-bus for transportation of children to and from school is required under the law to exercise extraordinary diligence for the protection of a child being so transported to prevent their becoming injured, and the extraordinary diligence required is that extreme care and caution which prudent and thoughtful persons use in securing and preserving their own property. The absence of such diligence is termed slight neglect." This charge is assigned as error upon the ground that the defendant, who operated a motor school-bus for the transportation of school children to and from a certain school each school day along a certain route was not a carrier of passengers, within the meaning of the Code of 1933, § 18-204, and therefore was not required under the law to exercise extraordinary diligence for the protection of a child being so transported by him. *Held:* While a carrier of passengers is not an insurer of the safety of his passengers in the sense that a common carrier of goods is said to be an insurer of the safety of goods carried, he is bound to exercise extraordinary care and diligence for the safety of his passengers, and it matters not the kind of conveyance used or the nature of the motive power employed. Hence the operator for hire of a school motor-bus who operates along a certain route every school day in taking all school children alike to and from a certain school is a carrier of passengers in so far as such school children are concerned, and is required to exercise extraordinary care and diligence for the safety of any one of such school children riding in his bus. Code of 1933, §§ 18-101, 102, 204; 10 C. J. 1294, §§ 1033 et seq., 1307; Stokes *v.* Saltonstall, 13 Pet. 181 (10 L. ed. 115); Truex *v.* Erie R. Co., 4 Lans. (N. Y.) 198; *Ball* v. *Mabry*, 91 *Ga.* 781 (18 S. E. 64); *Central of Ga. Ry. Co.* v. *Lippman*, 110 *Ga.* 665 (36 S. E. 202, 50 L. R. A. 673); *Grimsley* v. *A. C. L. R. Co.*, 1 *Ga. App.* 557 (57 S. E. 943). It follows that the trial judge did not err in charging the jury as above set out.

2. In a suit by a minor for damage resulting from personal injuries alleged to have been caused by the defendant's negligence, brought by next friend, where it appears from the petition that the injured person is a female child aged 13 and is in school, the trial judge did not err in overruling a demurrer to the petition upon the ground that it was not alleged therein that the injured person was an unmarried female.

3. Plaintiff, a minor or infant child, could not recover for medical or other expenses incurred by reason of the defendant's negligence, this right being in the father, if alive at the time of the injury, and if not, then in the mother, if she was alive. This being so, that part of the petition that sought to recover for such items was demurrable. *W. & T. R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (71 S. E. 691); *King* v. *Southern Ry. Co.*, 126 *Ga.* 794 (55 S. E. 965, 8 L. R. A. (N. S.) 544). The plaintiff did not offer any evidence to prove the medical or other expenses alleged to have been incurred. However, the trial judge instructed the jury that "in all cases necessary expenses consequent upon the injury done are a

legitimate item in the estimate of damage." This charge is assigned as error. The ruling on this demurrer and the charge of the court in respect to this part of the damages were error; but the judgment is affirmed on condition that the plaintiff's counsel write off from the verdict $25, the amount of such alleged expenses, before or at the time the judgment on the remittitur of this court is made the judgment of the lower court; otherwise the judgment is reversed.

4. The exceptions to the rulings on the other grounds of demurrer are without merit. None of the other grounds of the motion for new trial, relating to the introduction of evidence, the charge of the court, and the failure of the court to charge without request certain principles of law, show error. A recovery in the plaintiff's favor was authorized by the evidence. Except as above indicated, no error appears in the judgment overruling the motion for a new trial.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 9, 1935. REHEARING DENIED JUNE 15, 1935.

*P. Z. Geer,* for plaintiff in error.
*E. P. Stapleton, P. D. Rich, N. L. Stapleton,* contra.