Argued October 13; reversed November 2, 1937

CORRIGAN *v.* PORTLAND TRACTION CO.

(73 P. (2d) 378)

*Earl S. Nelson,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*Wm. P. Lord,* of Portland (T. Walter Gillard and Robert D. Austin, both of Portland, on the brief), for respondent.

RAND, J. The plaintiff, a boy 13 years and three months old, while on his way to school, in crossing 82d street in the city of Portland, was run down and injured by a federally owned and operated CCC truck. Im-

mediately preceding the injury, he had alighted from a passenger bus which was owned and operated for hire by the defendant company. He brought this action against the defendant company alone through his mother as his natural guardian to recover damages for his injuries, alleging in his complaint that these injuries resulted from the negligence of the defendant company in failing to warn him of the danger of crossing 82d street and in failing to let him off at the end of the block.

By way of answer, the defendant company denied that it was negligent in either of said particulars and alleged that the plaintiff was let off at the regular place for the discharge of passengers going to plaintiff's school, and that the plaintiff was guilty of contributory negligence in running across 82d street, after being discharged from defendant's bus in a place of safety without observing the approaching truck, and that such negligence upon the part of the plaintiff was the sole proximate cause of his injury.

At the close of the trial, the defendant company moved the court for a directed verdict. This motion was overruled and the plaintiff had judgment, from which the defendant company has appealed.

It appears from the undisputed evidence in the case that 82d street was a main thoroughfare leading north and south through the city of Portland on the east side of the Willamette river and that it carries a large amount of traffic and that at the place of the accident it is a paved street, the pavement being 18 feet in width, with shoulders on each side of the pavement; that the bus on which the plaintiff had been riding was going north on 82d street and that it had been driven over and stopped on its own right-hand side of the street; that plaintiff got off at the front and

right-hand side of the bus and immediately thereafter started to run around the rear end of the bus and across 82d street, and that he continued running until he had passed the middle of the street, where the accident occurred.

The undisputed evidence further shows that plaintiff had frequently ridden on defendant's bus and had been discharged at the same point and that he was thoroughly familiar with the premises and knew of the dangers incident to the crossing of the street.

The evidence further shows that the street where the accident happened was a straightaway; that it was broad daylight at the time of the accident and that approaching vehicles could be seen for long distances both from the north and from the south, and that the boy was intelligent and knew the dangers incident to the crossing of the street and could have protected himself from danger had he used ordinary precautions for so doing.

The plaintiff himself testified that on the morning of the accident he was in a hurry to reach the school and that he ran around the rear end of the bus and across the street, and that after passing the middle line of the street and while still running the accident happened.

There was no evidence tending to show that the boy was not let off in a place of safety or that he was not let off at any point other than the regular place for discharge of passengers going to the school which plaintiff attended. There was some testimony to the effect that the driver of defendant's bus had warned the boy at the time he alighted from the bus but this was disputed by plaintiff and, for the purposes of defendant's motion for a directed verdict, we shall assume that no such warning was given.

██ Under the facts stated, we think that the case is controlled by the decision in *Lewis v. Pacific Greyhound Lines,* 147 Or. 588 (34 P. (2d) 616, 96 A. L. R. 718), where the facts were almost identical to those involved here. It was there held that it is the duty of a carrier of passengers by motor bus to discharge their passengers at a place of safety and, having done so, that the relation of carrier and passenger is thereupon terminated and the carrier is not liable for an injury resulting from an intervening cause over which the carrier has no control. In that case this court quoted with approval the following excerpt taken from *Waldron v. Southwestern Bus Co.,* 42 Ohio App. 549 (182 N. E. 596):

"The defendant company, while she was a passenger, owed her a high degree of care for her safety, but she alighted from the bus in a place of safety and the relation of carrier and passenger thereupon terminated. The proximate cause of her subsequent injury was either her own negligence in walking in front of an approaching automobile, or the negligence of the operator of such automobile, and the defendant was in no sense responsible for the injury resulting therefrom. Having discharged the passenger in a place of safety, there could be no causal connection between that act and the injury which she suffered. She was familiar with the surrounding conditions, and the operator of the bus owed no duty to warn her of approaching automobiles."

We think that that decision is conclusive upon the court in this case and that it was error for the trial court to overrule defendant's motion for a directed verdict. The judgment, therefore, is reversed and the cause is remanded to the court below with directions to dismiss the action.

BEAN, C. J., and BELT and BAILEY, JJ., concur.