26602, 26603. ROBERTS *v.* BAKER *et al.*

DECIDED MARCH 12, 1938. REHEARING DENIED MARCH 31, 1938.

*R. J. Bacon, Perry & Perry,* for plaintiff.

*John C. Parker, Hoyt H. Whelchel,* for defendants.

STEPHENS, P. J. 1. The transportation by the authorities of a local school district, or the trustees of a local school district, of children to and from school by motor-bus makes accessible to the school children the facilities of education authorized and provided for them by law, and is therefore a part of the operation of the school system, and such school authorities, when engaged in such transportation, are in the operation of a governmental function, and are therefore not liable in tort, either in their official capacity, or as individuals, for any negligence, through themselves or their agents, in the operation by them of a motor-bus, causing injuries to one of the school children while being transported to and from school. Code, § 32-919; Consolidated School District *v.* Wright, 128 Okla. 193 (261 Pac. 953, 56 A. L. R. 152) ; Benton *v.* Board of Education, 201 N. C. 653 (161 S. E. 96). Whether or not such authorities, in the operation of the motor-bus, notwithstanding they are engaged in the performance of a governmental function, would be liable for damages caused by the operation of the bus resulting from their malicious acts or wilful and wanton conduct in the operation of the bus, the employment by the authorities of a driver of the bus, who with their knowledge has been guilty of negligence, or any conduct in the operation of the bus which caused injury to one of the passengers, does not constitute malice or wilful and wanton conduct.

2. In a suit against the trustees of a local school district and the school district, by the mother to recover damages for the homicide, and by the father to recover damages for loss of services, of their minor child who was injured as a result of the alleged negligent operation of the bus by the defendants at a rapid and illegal

rate of speed, and bringing it to a sudden stop, causing it to skid and throw the child from the bus, thereby causing the child's homicide while the child was being transported from school, each petition failed to set out a cause of action. The court properly sustained the general demurrer to each petition.

3. As respects the driver of the motor-bus, he was responsible in tort for his negligent acts in the operation of the bus which proximately resulted in injury to one of the passengers. In the operation of the bus he was under a duty to exercise extraordinary care for the safety of passengers. The petitions of both the father and the mother, in which the driver was also joined as a party defendant with the trustees of the local school district and the local district, wherein it was alleged in each petition that the driver, in the performance of the alleged acts of negligence which caused the death of the child, was in violation of the duty resting on him to exercise an extraordinary degree of care and diligence for the safety of the child, were not subject to special demurrer on the ground that no such degree of diligence and care rested upon the driver. Code, § 18-204; *Sheffield* v. *Lovering,* 51 *Ga. App.* 353 (180 S. E. 523). The court erred in sustaining such demurrers after overruling the general demurrer filed by the defendant driver to each petition.

4. Judgments affirmed as to the defendants as trustees of the local school district and individually, and the local school district, but the judgments sustaining the special demurrers as above indicated of the defendant driver to the allegations of the petitions are reversed.

*Judgments affirmed in part and reversed in part. Sutton and Felton, JJ., concur.*

### ON MOTION FOR REHEARING.

STEPHENS, P. J. Motions for rehearing have been made by both plaintiffs and by the defendant, Baker. This court is satisfied that there is no merit in the motions of the plaintiffs, Roberts, and therefore the motions for rehearing filed by them and rehearings as to these plaintiffs are denied. In the motion for rehearing filed by the defendant Baker, it is insisted that the assignment of error that the court erred in sustaining a special demurrer filed by him to the plaintiffs' petitions which was referred to and disposed of in paragraph 3 of the syllabus, was not insisted upon by the plain-

tiffs in error in their briefs filed in this court. This court, when considering this case construed the briefs of plaintiffs in error as insisting upon this assignment of error in each bill of exceptions. While it does not clearly appear from the language of the brief that this specific assignment of error is insisted upon, but as counsel for plaintiffs in error in their briefs cite as authority for their contentions in this connection the case of *Sheffield* v. *Lovering,* 51 *Ga. App.* 353 (1) (180 S. E. 523), in which the only ruling made which is in any way applicable to any of the contentions in the present cases is to the effect that "the operator for hire of a school motor-bus who operates along a certain route every school day in taking all school children alike to and from a certain school is a carrier of passengers in so far as such school children are concerned, and is required to exercise extraordinary care and diligence for the safety of any one of such school children riding in his bus," this was sufficient as an insistance by counsel on the assignment of error to which the ruling made in paragraph 3 of the syllabus was applicable. The policy of the law as declared by an act approved August 15, 1921 (Ga. L. 1921, p. 232), is that all questions raised shall be considered by the appellate court "except where questions so raised are expressly or impliedly abandoned by counsel either in the brief or upon oral argument." While this provision expressly by the terms of the statute has reference only to questions raised in a motion for new trial, it announced a policy which this court is justified in applying when considering any questions raised by bill of exceptions whether they arise in a motion for new trial or upon a consideration by the trial court of a demurrer to a petition. The assignment of error to which paragraph 3 of the syllabus is applicable is certainly not expressly or impliedly abandoned by counsel in their briefs. Nor does it appear that such assignment of error was either expressly or impliedly abandoned in the oral argument.

There is no merit in the motion for rehearing made by the defendant, Baker.

*Rehearing denied. Sutton and Felton, JJ., concur.*