### 28337. GREESON v. DAVIS.

Decided June 10, 1940.

*Erwin & Allen,* for plaintiff in error.
*W. E. & W. G. Mann, Joe M. Lang,* contra.

SUTTON, J. J. D. Davis brought suit against Vernon Greeson, an operator of a school bus, and G. V. Wellman, to recover damages for the homicide of his minor daughter. The petition alleged that the bus driver was negligent in depositing the plaintiff's daughter from the school bus, opposite her home, in an unsafe place on the east side of a dangerous and thickly traveled highway, in not assisting the child across the highway, in not discharging her on the west side of the highway, in bringing her home forty-

five minutes earlier than usual without notifying the plaintiff, in not safely transporting her home, and in permitting her to alight in an unsafe place and remaining in the bus while discharging her as a passenger; that Wellman was driving a truck at an illegal and excessive rate of speed from the opposite direction, and because of other specified negligent acts ran over and killed the child as she was proceeding across the highway to her home; and that the negligence of the two defendants concurred in proximately producing the death of the daughter. Greeson demurred generally and specially to the petition. The court overruled the demurrer, and exceptions pendente lite were filed. He also answered, denying the substantial allegations of the petition. The trial resulted in a verdict for the plaintiff of $200 against Wellman, and in favor of Greeson. The plaintiff moved for new trial on the general grounds, and by amendment added a special ground that the verdict of $200 was grossly inadequate under the pleadings and the evidence. The court granted a new trial as against both defendants. Greeson excepted, assigning error on the overruling of the demurrer and on the grant of a new trial as against him.

■ While the first grant of a new trial will ordinarily not be disturbed, the judgment will be set aside if, under the law and the evidence, a verdict is demanded as a matter of law in favor of the opposite party. In the present case a careful consideration of the record convinces us that the plaintiff was not entitled to recover against Greeson. It appears that he was engaged in transporting school children to and from Resaca School in Gordon County. The plaintiff's four children, including his daughter Oma, a very bright and industrious young girl fourteen years of age, attended the school, and on the day of the homicide she had been brought from school by Greeson in the usual school bus. The plaintiff and his family lived about two miles north of Resaca School. For several years they had occupied a house on the right or east side of the highway, but for about a year they had lived on the west side of the highway almost immediately opposite. On the day of the homicide Greeson drove the bus to the right or east side of the highway while proceeding north, the wheels on the left side of the bus being just on the pavement and the wheels on the right side resting on a shoulder which was six or eight feet in width, constituting the beginning of a driveway which led to the house on the right. The

children had assembled at this place for transportation, not only during their residence on the right side of the highway, but also during the time they had been living on the west or left side of the highway. The driver opened the door and permitted the four children to alight on this shoulder in a direction eastwardly from the highway. At this moment, about a quarter of a mile northward, a truck driven by Wellman and observed by Greeson was coming south on the highway, which for that distance was practically straight. Two small brothers of Oma remained on the east side of the highway, but Oma and her sister, after passing around the rear of the bus, immediately sought to proceed across the highway. The sister ran safely across. Oma followed, but on reaching the western half of the highway she was run over by Wellman's truck. Her body was found about seventy feet beyond the point of impact, and the truck continued farther south for a distance of about one hundred feet before stopping. The actual crossing of the two girls was witnessed by two persons, a driver of an automobile following the truck and the driver of the truck. The automobile was traveling forty to forty-five miles an hour within one quarter of a mile from the scene of the homicide, and was gradually overtaking the truck. The driver testified as to seeing the children alight from the bus and "some of them" start across the highway. He gave no testimony as to the specific manner in which Oma attempted to cross, except that she started across immediately after leaving the bus. The uncontradicted testimony of the truck-driver was that he met and passed the bus at a point about 100 to 125 feet from where it had deposited the four children, and "just as I got even with them [the children] the little girl broke loose from her sister and ran across the road, and the big girl started across and then stepped back and then took a notion she would go across, and then the truck hit her. They were standing still where they had alighted. I thought they were waiting for me to pass; the two little boys were still there after the accident." Greeson testified that he could not state positively whether on this occasion he cautioned the children to be careful in crossing the highway, but that he had been depositing them at the same place at all times, and had warned them repeatedly about the hazards of the highway. A child passenger on the bus corroborated his testimony in respect to numerous warnings.

We find nothing in the evidence that would authorize a finding that the bus driver was negligent toward the deceased. A carrier of passengers, as Greeson was shown to be, must exercise extraordinary diligence to protect the lives and persons of his passengers, but is not liable to them for injuries after having used such diligence. Code, § 18-204; *Sheffield* v. *Lovering,* 51 *Ga. App.* 353 (180 S. E. 141). In the exercise of this diligence he is under a duty to deposit his passenger at a reasonably safe place for alighting and crossing the street, but is under no obligation to wait until approaching automobiles have stopped, or to warn the passenger of the usual dangers of traffic which in the exercise of ordinary care would be avoidable. *Locke* v. *Ford,* 54 *Ga. App.* 322 (187 S. E. 715). In the case of a child of tender years this diligence must be exercised with a consideration of the limited abilities of the child; and whether, with respect to the child, a safe place has been selected is usually a question for the jury. But as to the child here involved we have no hesitation in holding as a matter of law that in the present instance a safe place was selected for depositing her. By analogy to the provisions of the penal law in regard to capacity to commit crime, there is a presumption that a young person of the age of fourteen is capable of realizing danger, and of exercising the necessary forethought and caution to avoid it, and is chargeable with diligence for his or her own safety, where the peril of automobiles on a highway is plainly manifest. *Central Railroad &c. Co.* v. *Phillips,* 91 *Ga.* 526, 528 (17 S. E. 952). See *Muscogee Mfg. Co.* v. *Butts,* 21 *Ga. App.* 558 (94 S. E. 821); *Bugg* v. *Knowles,* 33 *Ga. App.* 710 (127 S. E. 813). It was not shown that Oma Davis was laboring under any disability whatever, but on the contrary she was fourteen years of age, very bright and industrious, capable of earning $1 to $1.50 a day making bedspreads by hand, or $2 to $2.75 per day on a machine, and she did most of the cooking for the family. Manifestly she was fully capable of appreciating that she should forego crossing the highway except at a time when she could reasonably avoid a passing automobile, and in fact she had many times been warned of its perils. She was not deposited upon the pavement of the highway, but was permitted to emerge from a door which opened on the side of the bus farthest from the highway, and in order to proceed towards the highway she had to change her direction and leave a place which was safe for one of her years.

This case is very different from *Gazaway* v. *Nicholson,* 61 *Ga. App.* 3 (5 S. E. 2d, 391). There a school bus was stopped on the grounds of a filling-station on the left of the highway, but with its right front wheel about four feet from the pavement and the right rear wheel about three feet from the pavement, and the driver opened the door *next to the highway* and permitted a boy of seven years to alight therefrom, and in taking two or three steps the boy "hit the pavement on the run," and was struck by a passing automobile as he rushed across towards his home on the opposite side. This court held that it was a jury question whether or not the bus driver had deposited *a seven-year-old child* in a safe place; and the facts distinguish that ruling from the present one. Here the driver fully complied with the requirement of the statute that a school-bus driver shall stop his bus on the right side of the road or street as close to the curb or edge of said road or street as is practicable. Code, § 68-311. He stopped his bus in such a way that it was almost completely off of the highway, only the left wheels resting on the pavement, and he chose for the alighting of the children a shoulder six or eight feet wide at the driveway leading to the house almost immediately opposite that in which the deceased was living at the time of the homicide, a spot where he always deposited her, and with the nature of which, as related to the perils of the highway, she was entirely familiar. Nor is there any merit in the grounds of negligence that she was brought home forty-five minutes earlier than usual, without notice to her father, and that the driver did not assist her across the highway. Bringing the passenger home earlier than usual is not shown to have contributed to her homicide, and we know of no law which requires a bus driver to reach a passenger's home at the same time on every occasion, or to notify the parent in case of earlier arrival than usual. In the absence of any evidence disclosing the passenger's need of assistance, it can not be said that the driver was negligent in not rendering assistance to her in alighting or in crossing the highway. *Metts* v. *Louisville & Nashville R. Co.,* 52 *Ga. App.* 115 (182 S. E. 531). The verdict in favor of Greeson being demanded as a matter of law, the court abused its discretion in granting a new trial as against him.

■ Because of the above ruling it is unnecessary to pass on the assignment of error on the overruling of the demurrer.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*