GHOLSTON *v.* RICHARDS *et al.*
(Two Cases)

(*Nashville,* December Term, 1942.)

Opinion filed April 3, 1943.

WILLIAMS, REYNOLDS & MOORE, of Chattanooga, for plaintiff-in-error.

RAULSTON & RAULSTON, of South Pittsburg, for defendant-in-error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

These two suits were brought by a minor, by next friend, and by her father to recover damages incident to serious, although not permanent, injuries suffered by the child in an automobile accident. She was struck by

a passing car after alighting from a school bus while she was attempting to cross the road to her home. The driver of the car inflicting the injuries and the bus driver were both sued. There were judgments against both. Only the bus driver appeared. The Court of Appeals affirmed the judgments against him and we granted his petition for *certiorari*.

There is little controversy as to the facts. The school bus, so marked, was bringing children home from school. It stopped on its right of the highway, with the left wheels on the pavement and the right wheels on the shoulder on the opposite side of the highway from the home of the little girl. She alighted safely, walked on the shoulder of the road to the rear of the bus, and came rapidly out of the rear of the bus to the highway and was struck by a car coming in the opposite direction to that in which the bus was traveling.

As stated above, the driver of the automobile that hit the child did not appeal from the judgment against him. There is evidence tending to show that he violated section 1 of chapter 70 of the Public Acts of 1937, which provides that a motor vehicle approaching a school bus which has stopped and is taking on or discharging school children shall come to a full stop before passing such school bus.

The case against the bus driver is by no means so clear. We fail to see any common law negligence on his part. He discharged the child in a safe place. He could not be expected to escort her over the road. She was an intelligent child, eleven years of age, and she testified that she had been riding this bus and getting off at this place for two years and that she knew she had to be cautious and look both ways before crossing the highway.

It is insisted that the bus driver negligently violated certain statutory provisions and that this negligence concurred with the negligence of the driver of the other car as the proximate cause of the accident. The first of the statutes said to have been transgressed by the bus driver is section 2690 (a) of the Code. This section provides that no person shall park or leave standing any vehicle on the paved or improved or main traveled portion of any road, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of the road.

The trial judge instructed the jury that this section of the Code was not applicable and directed a verdict in favor of the defendants in so far as the cases rested on such provision. No appeal was taken from this action of the court by the plaintiffs and that matter is accordingly not open for discussion in this court. *State* v. *Willis,* 130 Tenn., 403, 170 S. W., 1030; *Jones* v. *Ducktown, etc., Co.,* 109 Tenn., 375, 71 S. W., 821.

The other statutory provision said to have been violated by the bus driver is section 2 of chapter 70 of the Public Acts of 1937. That section is as follows: "All motor vehicles used in transporting school children to and from school in the State of Tennessee are hereby required to be distinctly marked 'School Bus' the front, rear, and sides thereof in letters of not less than five (5) inches in length, and so plainly written or printed and so arranged so as to be legible to persons approaching such school bus, whether traveling in the same or opposite direction, and such school bus driver is required to stop such school bus on the right-hand side of such road or highway as close to the curb or edge of the road as is practicable."

The evidence shows that there was ample room on the shoulder of the road at the point where the school bus stopped to have permitted that vehicle to pull entirely off the pavement. It is said that had the bus so pulled off the pavement, the little girl would have had a better view of the highway and the approaching car when she came upon the road from the rear of the bus and might thus have avoided the accident.

To the contrary of this contention, it may be suggested that while alighting from the bus and while proceeding on the shoulder along side of the bus, the child would have had a better view of the highway in either direction had the bus not pulled off the pavement at all. However this may be, we do not think the statute relied on requires a bus driver to pull his vehicle out on the shoulder of a road when he stops to take on or discharge school children. The language of the statute is that the driver shall stop the bus on the ''right-hand side of such road or highway as close to the curb or edge of the road as is practicable.''

Of course the shoulder of the road has no curb. The concrete roadways quite commonly do. The black top roadways do not have a curb but they have an edge. It seems to us the intention of the statute was to have the school bus stop at the right-hand extremity of the paved portion of the highway, not at the extremity of the shoulder. To require the latter course would be to have the children quite often embark from or disembark in a ditch or against a bluff. On the other hand, when the bus parks on the pavement, the children have the shoulder, a safe place, upon which to alight and from which to enter the school bus.

Such being our view of the statute, we do not think there was any violation of its provisions by the bus

driver in the cases before us and accordingly he was not guilty of negligence in stopping the bus as he did.

Our lawmakers' are at no loss for words when it is their intention that a motor vehicle stopping shall not stop on the paved portion of the highway. Section 2690 (a) heretofore mentioned, which forbids the stopping of vehicles on the paved portion of a highway, says so in as many words, forbidding such stoppage "upon the paved or improved or main traveled portion of any road, street, or highway." If such had been the intention of the lawmakers with reference to the stopping of school busses, we see no reason why they should not have expressed themselves in similar terms.

It appears from his testimony that the bus driver saw the car which struck the little girl as it was approaching and something is said in the opinion of the Court of Appeals about his failure to warn the child of the oncoming car. Whether any duty rested upon him in this respect, in view of the little girl's testimony, as to the duty resting upon her to keep a lookout before attempting to cross the road, we need not inquire. No such ground of negligence is alleged against the bus driver in the declaration.

Being unable to find that the driver of the bus was guilty of any breach of duty to the child, either under the statutes or the common law, we think the lower courts were in error in overruling his motion for a directed verdict in his favor. The judgment in both cases will accordingly be reversed and the suits against the bus driver dismissed.