223 P.2d 389

**CHATTERTON et al. v. POCATELLO POST.**

No. 7656.

Supreme Court of Idaho.

Sept. 29, 1950.

Rehearing Denied Nov. 9, 1950.

Gee & Hargraves, Pocatello, for appellant.

Zener & Peterson, Pocatello, for respondents.

482

KEETON, Justice.

This action was brought by Grover T. Chatterton, a minor, thirteen years and ten months of age at the time of the injury hereinafter referred to, by his guardian ad litem, against Pocatello Post, a corporation, to recover damages because of injuries suffered on the morning of February 7, 1949. During the course of the trial, the father was joined as a party plaintiff, claiming damages suffered due to doctor and hospital bills incurred, the result of injuries to the minor son.

The minor, Grover T. Chatterton, one of the respondents, will hereinafter be referred to as plaintiff. Pocatello Post, appellant, will be referred to as defendant.

Issues framed by the pleadings were tried before a jury which returned a verdict in favor of the plaintiff in the sum of $9,954. Judgment was entered on the verdict from which judgment and order denying its motion for a new trial the defendant appealed.

The pertinent facts are: plaintiff, a minor, while working as a carrier delivering newspapers purchased from defendant, was struck by an automobile driven by a man named Hill, and suffered a fracture of the leg and other injuries.

Because of inclement weather and poor condition of roads, streets and highways, it was difficult for plaintiff on the day of the accident to make deliveries of papers by the customary method. Defendant was notified of this by phone and sent its district manager, Rance Manion, with his car to assist the plaintiff. Manion was not familiar with the route or the customers and relied on plaintiff to tell him when and where to stop the car. At plaintiff's direction, Manion parked the car on the right hand side of the highway (Yellowstone Highway, Alameda), in the direction in which he was driving, near a place where a delivery was to be made. Plaintiff alighted from the automobile on the right hand side, went around behind and started across the highway. He had gone a short distance when he collided with an automobile driven by Hill and suffered the injuries complained of.

The complaint alleged three grounds of negligence on the part of defendant: first, in parking the car on the right hand side of the road so plaintiff would be required to cross the highway to reach the westerly side to make a delivery; second, in not parking the automobile off the oiled portion of the roadway; third, in not warning plaintiff of the danger that existed in crossing the highway and not driving the automobile across the street to the west side so

that plaintiff could alight from the vehicle on the side of the road where the delivery was to be made.

For a reversal of the judgment, defendant assigns numerous alleged errors occurring at the trial, claiming among other things that the complaint does not state facts sufficient to constitute a cause of action, that a non-suit should have been entered, that the evidence failed to show negligence on the part of the defendant, and does show negligence on the part of the plaintiff, that the acts complained of were not the proximate cause of the injury and assigns as error the giving of certain instructions and the refusal of the court to give others. Assignments of error which we deem necessary for decision will be discussed.

The defendant contends that plaintiff was an employee coming under the Workmen's Compensation Act. I. C. § 72-101 et seq. The jury on conflicting evidence found that plaintiff was an independent contractor and for the purpose of decision we will assume that the relationship of master and servant did not exist.

One of the claimed acts of negligence on the part of the plaintiff is the failure of Manion to park the car off the oiled portion of the highway and that this failure violated the statute of the State pertaining to the parking of motor vehicles. Sec. 49-526, I. C. provides among other things that "No person shall park * * things that "No person shall park * *

any vehicle, * * * upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway: * * *."

In the instant case, there was a conflict in the evidence as to whether or not the car was parked entirely off the pavement. However, all the testimony clearly established the fact that the car was parked against a snow bank, as far to the right as it could be driven, and it was not practicable or reasonably possible to park the car further to the right.

If the car had been driven across the road as plaintiff contended it should have been, it would have been in direct violation of Sec. 49-509, I. C. and would have been an act of negligence, in which event Chatterton would have alighted from the automobile directly onto the highway in the face of traffic, instead of a place of safety. Negligence cannot be predicated on a compliance with the law. Gray v. Southern Pacific Co., 21 Cal.App.2d 240, 68 P.2d 1011.

Before one can recover for the negligent acts of another, there must be a breach of some legal duty causing damage reasonably foreseeable and without which breach the damage would not have occurred. In other words, there must be the existence of a duty on the part of the

defendant to protect plaintiff from the injury, failure of the defendant to perform that duty, injury to plaintiff from such failure. 45 C.J. 632, 65 C.J.S., Negligence, § 1.

The breach of duty to be actionable must be the proximate cause of the injury complained of, that is, the cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the result, and without which the result would not have occurred. 65 C.J.S., Negligence, § 103, p. 645.

It may be stated as a general rule that negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by which the injuries are inflicted is not the proximate cause thereof. 38 Am.Jur. 702.

Applying these rules to the case before us we conclude that the negligent acts complained of were not the proximate cause of the injury and the acts of Manion (defendant's agent) had no causal connection with the injury sustained. There can be no liability for an act of negligence except where such act is the proximate cause, and where an intervening act of force is put in motion by another, and for which defendant is not responsible, there can be no recovery.

In the case of Mississippi City Lines v. Bullock, 194 Miss. 630, 13 So.2d 34, 145 A.L.R. 1199, a boy of twelve years of age was struck by an automobile driven by a third person after he alighted from a bus on which he was a passenger of one of the defendants. In a suit against the bus company negligence was claimed on substantially the same grounds as are here alleged. In concluding that there was no liability, the Supreme Court of Mississippi said:

"Where one is negligent, and another, acting independently and voluntarily, puts in motion another and intervening cause which efficiently leads in unbroken sequence to injury, the latter is the 'proximate cause' and the original negligence is a 'remote' and nonactionable cause.

"Negligence which merely furnishes condition or occasion upon which injuries are received, but does not put in motion agency by or through which injuries are inflicted, is not the 'proximate cause' thereof."

In the case of Southwestern Motor Carriers v. Nash, 195 Okl. 604, 159 P.2d 745, 748, an action was brought against the carrier to recover damages for a passenger hit by a third person after he left the bus and was attempting to cross the street. In concluding that there was no liability, the Supreme Court of Oklahoma said: "In the case at bar the negligence of the carrier and its driver is said to consist primarily in discharging plaintiff's intestate from the bus in a place of danger and secondarily in failing to warn him of the hazards of crossing the street at the point where he left the bus", and concluded:

"Where passenger has been discharged in safety from carrier's vehicle, carrier has no duty to warn passenger against ordinary traffic hazards he may experience in going from vehicle across street. * * *

"Where acts of negligence alleged have no causal connection with injury sustained, demurrer to plaintiff's evidence should be sustained and verdict directed for defendant."

In case of Corrigan v. Portland Traction Co., 157 Or. 496, 73 P.2d 378, a child thirteen years of age alighted from a bus operated by defendant, and while crossing the street was run down and injured by a motor vehicle operated by a third person. Contention was made that the bus company had not warned the passenger of the danger. The Court said 73 P.2d at page 379: "The proximate cause of her subsequent injury was either her own negligence in walking in front of an approaching automobile, or the negligence of the operator of such automobile, and the defendant was in no sense responsible for the injury resulting therefrom. Having discharged the passenger in a place of safety, there could be no causal connection between that act and the injury which she suffered."

In the case of Lewis v. Pacific Greyhound Lines, 147 Or. 588, 34 P.2d 616, 96 A.L.R. 718, a passenger alighted from a bus of defendant and started to cross the street. He was struck by an automobile and injured. The Court said: "Alleged negligence of stage in discharging passenger across highway from restaurant where it usually stopped *held* not proximate cause of passenger's injuries when struck by automobile while crossing highway to restaurant."

In the case of Beeson v. Tri-State Transit Co., 5 Cir., 146 F.2d 754, a passenger after alighting from a bus, was struck and killed by a passing automobile. In holding that there was no liability, the Court concluded that there was no duty on the part of the company to warn the passenger of the dangers from approaching automobiles.

For other authorities see: Hennessey v. Intermountain Transp. Co., 110 Mont. 398, 102 P.2d 489; Cook v. Seidenverg, Wash., 217 P.2d 799.

Contention is made that the plaintiff was guilty of negligence as a matter of law, and that his negligence caused the damage and injury complained of. Plaintiff, on the other hand, contends that he being a minor cannot be charged with negligence.

The plaintiff had carried a delivery route for different newspapers for approximately four years. For this purpose he had used a bicycle, a motor scooter, driven a motorcycle and delivered the papers with the assistance of his father using an automobile. He was thirteen years, ten months of age, in the eighth grade in school and had been warned by his father and mother of the dangers of crossing streets, and he was aware of the fact that caution must

be observed before crossing highways. On cross examination he testified:

"Q. Did your father and mother ever warn you of the dangers of crossing the street? A. Yes.

"Q. And you were aware then of the fact that there is traffic on the highway and one must observe caution before commencing to cross, were you? A. Yes, sir.

"Q. When you crossed the street from the parked car on the previous occasions, did you look to see if there was any traffic coming? A. Yes.

"Q. Did you look on this occasion? A. As well as I could, yes. * * *

"Q. Did you attempt to peer out from behind the car before venturing onto the road? A. I looked, yes.

"Q. Which way did you look? A. South and glanced north.

"Q. When was that glance north? A. Just as I left in back of the car.

"Q. Did you see anything? A. No."

Accordingly, the boy had already been warned and knew the danger. He testified that before he crossed the highway, he looked south and glanced north. Hill testified that he saw the boy a distance of seventy feet before he hit him. The danger was as apparent to the plaintiff as it was to Manion, and if plaintiff looked but did not see, such act would not be the fault of defendant. Further, there is no showing that Manion saw the approaching car in time to give any warning.

Counsel for appellant and respondent have both asked the Court to decide whether or not the father of the injured minor can join in this suit and claim damages for hospital, doctor bills and other items. In the instant case, it is unnecessary to determine the question, and it will not be discussed or decided.

For reasons above given, we conclude that the defendant is not liable for the damage and injury complained of and it is therefore ordered that the judgment be reversed, with instructions to the trial court to set the same aside and dismiss the action. Costs to appellant.

GIVENS, C. J., PORTER and TAYLOR, JJ., and KOELSCH, District Judge, concur.