33511.   DISHINGER *v.* SUBURBAN COACH CO. *et al.*

Decided July 13, 1951. Rehearing denied July 25, 1951.

500

*Gambrell, Harlan & Barwick, M. Cook Barwick, Robert R. Richardson*, for plaintiff in error.

*Andrews, Nall & Sterne*, contra.

SUTTON, C. J. (After stating the facts.) ■ Two special grounds of the demurrer attacked the allegations of the petition as amended and the specifications of negligence (a) and (b) as to the bus not being marked "school bus" and having no marking whatsoever thereon to indicate to persons approaching the bus that it was being used to transport school children, it being contended by the demurrants that such marking was not required as it was not a school bus in the sense contemplated by the Code, § 68-311, upon which the plaintiff relies. That section is a codification of section 2 of the act of 1933 (Ga. L. 1933, p. 201), and reads as follows: "All motor vehicles used in transporting school children to and from schools shall be distinctly marked 'School Bus' on both front, rear, and sides thereof, in letters of not less than five inches in length and so plainly written or printed and so arranged as to be legible to persons approaching such busses, whether traveling in the same or opposite direction, or upon approaching said

school busses from any direction, and such school bus drivers shall stop said school busses on the right hand side of the road or street as close to the curb or edge of said road or street as is practicable." It is contended by counsel for the demurrants that the vehicle here involved was not a "school bus" and that what was meant by this Code section is the usual yellow school bus which we are accustomed to see on the highways, and not just some casual motor vehicle which might be temporarily employed in transporting a child or children to and from school but not dedicated exclusively to such use. It is contended by counsel for the plaintiff that any bus of the Suburban Coach Company Inc., which is appropriated and used in transporting school children to and from school as alleged in the petition, even for a limited period of time, becomes a "school bus" as contemplated by the act of 1933, supra (Code, § 68-311). The petition alleges that the Suburban Coach Company Inc. operates motor busses used regularly in transporting school children to and from Cascade Heights School; that the plaintiff, on September 13, 1950, was a regularly enrolled pupil in the second grade of said school, and after she had finished her classes at about 4 p. m. on that day, together with other children from said school, she was conducted by the school officials to the defendant coach company's bus which was standing on the school grounds and entered the bus as a passenger; that no persons other than school children were on the bus as passengers at the time the plaintiff entered it and during all times referred to and mentioned in the petition; that said bus was not marked "school bus" on either the front, rear, or sides thereof in any way whatsoever, and was not marked with letters equal to or exceeding five inches in length, there being no marks of any sort on the bus to indicate that it was transporting school children; that after the bus was completely loaded with school children, including the plaintiff, on the schoolhouse grounds, the driver of the bus drove it along the streets in the residential community in the neighborhood of the school, depositing the school children at various places along the route; and that the plaintiff had ridden the bus prior to the date mentioned.

It does not appear from the petition who employed or paid the coach company for transporting the children to and from

Cascade Heights School or that the busses so used were used solely for that purpose, that is, that they were not used at other times of the day to transport passengers other than school children. But it does appear from the petition that no persons other than school children were on the bus as passengers at the time the plaintiff entered it, and during all times mentioned in the petition no persons but school children were on the bus as passengers. In other words, the petition shows that the Suburban Coach Company Inc. was using a bus to transport school children to and from Cascade Heights School; that the bus, when so appropriated, hauled only school children; and that the bus here involved was not marked "school bus" as required by Code § 68-311 (supra) and, in fact, was not marked in any way to indicate that it was transporting school children. So, the coach company regularly operates busses used in transporting school children to and from Cascade Heights School, according to the petition, and even though it has a license to operate as a common carrier this does not exempt it from marking such busses "school bus" when and while they are being so used in transporting school children. The statute plainly says that "All motor vehicles used in transporting school children to and from schools shall be distinctly marked 'School Bus' on both front, rear, and sides thereof, in letters of not less than five inches in length, etc." To operate the bus in transporting school children without its being so marked, under the circumstances alleged in the petition, was negligence per se. Of course, the purpose of marking such a conveyance as provided for by Code § 68-311, supra, is for the protection of the children being transported therein and to safeguard them against danger from other motor vehicles and the traveling public. Had the bus here involved been marked "school bus," as required by law, this would have been notice to the defendant, Henry M. Riley, to stop, and the injury sustained by the plaintiff would probably not have occurred, certainly not, had he obeyed the law and stopped his car as required by Code § 68-310. The contention of the Suburban Coach Company Inc. that the failure to so mark the bus had no causal connection with the injury sustained by the plaintiff, is without merit. The demurrers of the two defendants to paragraphs 11, 12, 40 (a), and 40 (b) are without merit, and the trial judge erred in sustaining said demurrers.

■ The bus company and its insurance carrier demurred specially to the allegations of the petition as to the change in routing of the bus without notice to the plaintiff or her parents and to the allegations of negligence, (c) and (d), in so doing, on the ground that such change had no causal connection with the plaintiff's injury. This objection is well taken. While the plaintiff's counsel argue in their brief that "but for" this change in routing the plaintiff would not have been injured, this contention is obviously a non sequitur. The change in routing may have furnished an *occasion* for injury, but was not itself the causative factor. The petition does not show any contract or obligation to discharge the plaintiff at the southeast corner of the intersection, or to notify her or her parents of any contemplated change in routing. It does not show that the driver on the occasion of the injury had ever deposited her there, or that he or his employer knew that she lived on the side of the street opposite the curb at which he lawfully stopped the bus. These special grounds of demurrer were properly sustained.

■ The bus company and its insurance carrier demurred specially as to the allegation (e) of negligence in the failure of the bus company, through its driver, to keep a watchout so as to observe the automobile of Riley approaching from the rear, on the ground that no such duty was imposed upon the company. Another special ground attacked the allegations of negligence (f) as to the failure of the bus company, through its driver, to warn the plaintiff of the approach of the said automobile, on the ground that no such duty was imposed upon the company. These two grounds may be considered together. Whether or not in some situations there might be a duty of the driver of the bus in the respects alleged, it cannot be said that such a duty was imposed here. It is not alleged that the bus company was obligated by any agreement whatsoever to discharge the plaintiff on the other side of the street, or that he had been informed or knew that she lived on the other side. There was no more reason for warning this child, not on the highway, but on the right hand side of the street where a sidewalk would ordinarily have been, and being away from the curb, than there was for warning the six other children who had left the bus and were walking away in various directions. These special grounds were properly sustained.

■ Another special ground of demurrer attacks the allegations of negligence (g) as to the failure of the bus company, through its driver, to furnish the plaintiff a safe place to alight from the bus. A common carrier is bound to use extraordinary care for the safety of its passengers. Code, § 18-204; *Sheffield* v. *Lovering*, 51 *Ga. App.* 353 (180 S. E. 523); *Roberts* v. *Baker*, 57 *Ga. App.* 733, 734 (196 S. E. 104); *Greeson* v. *Davis*, 62 *Ga. App.* 667, 670 (9 S. E. 2d, 690). What is a safe place depends upon the facts of each particular case and the danger inherent in the passenger's youth and inexperience. Where a child of the age of the plaintiff, seven years, is caused to alight in a place where danger to the child is apparent to the driver, or in the exercise of proper care should have been, a jury question, at least, is presented as to whether or not the driver was negligent. *Gazaway* v. *Nicholson*, 61 *Ga. App.* 3 (5 S. E. 2d, 391); *Greeson* v. *Davis*, supra; Taylor *v.* Patterson's Admr., 272 Ky. 415 (114 S. W. 2d, 488); Phillips *v.* Hardgrove, 161 Wash. 121 (296 Pac. 559); Cartwright *v.* Graves, 182 Tenn. 114 (184 S. W. 2d, 373); Shannon *v.* Central-Gaither Union School Dist., 133 Cal. App. 124 (23 Pac. 2d, 769); Roden *v.* Connecticut Co., 113 Conn. 408 (155 Atl. 721). See also *Locke* v. *Ford*, 54 *Ga. App.* 322 (1) (187 S. E. 715). Where, however, such a child is not deposited on the highway or in such a way as to face it in alighting, and the driver of the bus does not know that to reach its home the child must cross the highway after being discharged from the bus, it can not be said that the driver is negligent in not depositing the child in a safe place, and that the bus company is liable for an injury sustained by the child thereafter at the hands of another. Mississippi City Lines *v.* Bullock, 194 Miss. 630 (13 So. 2d, 34, 145 A.L.R. 1199); Lewis *v.* Pacific Greyhound Lines, 147 Or. 588 (34 Pac. 2d, 616, 96 A.L.R. 718); Corrigan *v.* Portland Traction Co., 157 Or. 496 (73 Pac. 2d, 378); Waldron *v.* Southwestern Bus Co., 42 Ohio App. 549 (182 N. E. 596); Gholston *v.* Richards, 179 Tenn. 645 (169 S. W. 2d, 846). The facts here alleged bring the case within the principles of law announced next above, and the allegation that the bus company was negligent, through its driver, in failing to furnish the child a safe place to alight from the bus is a conclusion without supporting facts, and subject to the special demurrer on that ground.

■ ▪ Another special ground of demurrer by the bus company and its insurance carrier attacks the petition as amended on the ground that there is a misjoinder of .parties and causes of action as between the insurance carrier and the defendant Riley, in that the liability, if any, against the insurance carrier is ex contractu and the liability, if any, against Riley is ex delicto. Generally such actions can not be joined (Code, § 3-113), but by statute (Ga. L. 1937, pp. 730, 731), amending the act of 1931 (Ga. L. 1931, pp. 199, 203), Code, Ann. Supp., § 68-612, joinder of a motor common carrier with its surety or insurance carrier was authorized in an action for damages against the motor common carrier. The statute does not, however, authorize joinder between the insurance carrier and a third person with whom it is in no way connected. The court properly sustained the ground of special demurrer as respects the insurance carrier. *Reeves* v. *McHan,* 78 *Ga. App.* 305 (2) (50 S. E. 2d, 787). As to the motor common carrier, Suburban Coach Company Inc., however, it can not be heard to complain of a misjoinder between others where it is not affected thereby. *Lowery Lock Co.* v. *Wright,* 154 *Ga.* 867 (1-c) (115 S. E. 801). The court, therefore, erred in sustaining this ground of demurrer as respects the motor common carrier, Suburban Coach Company Inc.

■ The petition was not subject to general demurrer for the reasons stated in division 1 of this opinion, and the trial judge erred in sustaining the general demurrer and the special demurrers dealt with in said division of the opinion.

*Judgment reversed. Felton and Worrill, JJ., concur.*

FELTON, J., concurring specially. I concur in the judgment and the opinion but desire to make an additional observation. The motor carrier contends that there was no causal relation between the failure to mark the bus and the injuries because of the provisions of § 68-303(h). The answer to that contention is that Code § 68-303(h) and § 68-311 are inconsistent and so much so that § 68-303(h) must be construed to apply to all passenger-carrying vehicles except those required to be marked as school busses, and if the bus had been marked, the defendant, Henry M. Riley, would have violated Code § 68-310 if he did not stop, instead of § 68-303(h), because he would

have then been charged with knowledge of the presence of school children. The two sections cannot apply to school busses because § 68-310 makes no provision under any circumstances for proceeding past the school bus while standing. So, the petition sets forth a cause of action against the motor carrier for negligence in failing to mark the bus as required by law as there is no presumption that Riley would have failed to stop for the bus because he did not comply with Code § 68-303 (h).