34596. EASON *v.* CREWS, by next friend.

Decided July 16, 1953.

*Boykin & Boykin, Marshall L. Allison,* for plaintiff in error.

*Walter D. Sanders, Clifford A. Cranford, R. D. Tisinger,* contra.

GARDNER, P. J. The defendant contends that the incident was a pure accident; that the petition does not allege that the defendant had driven his bus outside the roadway provided for travel by the public for motor vehicles; that no duty rested on the defendant to keep lands along the side of the roadway clear of limbs; and that such a duty is upon the county authorities, if upon anyone. The defendant cites in this connection Chambers *v.* Whelen, 44 Fed. 2d 340, and also calls to our attention *McCrory Stores Corp.* v. *Ahern,* 65 *Ga. App.* 334, 336 (15 S. E. 2d 797). Upon reading the *McCrory* case, under its facts, there is little if any similarity between that case and the instant one. We think that the instant case is based upon a different principle of law from the *McCrory* case. Carriers must exercise extraordinary diligence to protect the lives and persons of their passengers, but are not liable for injuries to them after having used such dili-

gence. Code § 18-204. School bus operators are carriers of passengers and are required to exercise extraordinary care for the safety of school children riding on their buses. *Sheffield* v. *Lovering*, 51 *Ga. App.* 353 (180 S. E. 523). To the same effect see *Roberts* v. *Baker*, 57 *Ga. App.* 733 (196 S. E. 104).

When a passenger is injured, a legal presumption that the carrier failed to exercise extraordinary care arises in his favor. The carrier can, of course, rebut this presumption by making it appear that extraordinary care and diligence were exercised. This is a jury question. *Georgia Ry. &c. Co.* v. *Murphy*, 28 *Ga. App.* 173 (110 S. E. 680). See also, in this connection, *East Tennessee &c. Ry. Co.* v. *Miller*, 95 *Ga.* 738 (22 S. E. 660). We might here also take note of the principal of law held in *Martin* v. *Waltman*, 82 *Ga. App.* 375, 383 (61 S. E. 2d 214), that, when in the exercise of care by the operator of a motor vehicle, danger becomes discoverable and is caused by the negligence of another, the operator has the duty to avoid the consequences of the other's negligence.

In this connection, insofar as the evidence reveals, the defendant knew that the limbs were there; at the point where the plaintiff was struck by the limb, the operator had ample opportunity to turn his vehicle to the left of the highway and avoid the limb protruding toward the right-hand side of the bus in the direction in which the bus was traveling; again, the driver could have reduced the speed of his bus, according to the evidence, so that the limb would not have protruded into the open window with such violence as to injure the plaintiff's eye. All of these questions of fact and others therewith are for the jury to decide. The jury resolved them against the defendant, and we have no hesitancy in reaching the conclusion that the verdict was supported by the pleadings, the evidence, and the law applicable thereto. The assignments of error on the general grounds are without merit.

■ Special ground 1 assigns error upon the admission of evidence over the objection of the plaintiff. The evidence is that of the attending physician: "The boy was suffering pain when he first came to me. The next day the pain was much worse. It was excruciating, severe." The objections to the evidence were: (a) That on cross-examination the physician testified: "I do not know what pain he suffered except from watching him, and from

his telling me [himself] and the parents told me." (b) That the opposite party offered the evidence objected to. (c) That the court refused to exclude the evidence. (d) That the evidence was material, prejudicial, and hurtful, in that (1) it was hearsay, (2) it unduly influenced the jury in favor of the plaintiff, and against the defendant. (e) Inadmissibility of the evidence was beyond doubt.

Counsel for the defendant contend in the argument that the evidence could not be admitted, over objection, without violating the rule against hearsay, "especially where the plaintiff himself fully described the character and extent of his injuries," citing *Goodwyn* v. *Central of Ga. Ry. Co.*, 2 *Ga. App.* 470 (58 S. E. 688). We do not think that the ruling under the facts of the *Goodwyn* case is applicable under the facts of this case. It is not in all cases that statements of complaints made to a physician are admissible. *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (11) (49 S. E. 818). The ground herein stated is too incomplete for the court to make a decision on it. The record reveals, on page 34, that the court refused to admit in evidence the statement of the boy to the attending physician, what the boy said as to his pain and suffering, and what the parents said. This is what the record reveals: "Mr. Boykin [attorney for the defendant]: I move to exclude the doctor's testimony that he suffered severe and excruciating pain. He said he did not know except what the boy told him and what the parents told him." "Mr. Tisinger [attorney for the plaintiff]: He said watching him, your Honor." "The Court: He said watching him. I will let that stay in; what he saw from objective symptoms."

We find no law anywhere that would class the professional opinion of a physician as being hearsay where it is based on a conclusion which is reached by the physician in watching the plaintiff from objective symptoms. This assignment of error is without merit.

■ Special ground 2 assigns error because, in one portion of the testimony of the mother of the plaintiff, on cross-examination she stated to the effect that her son did not make as good grades after the injury as he did before, and that she had received this information from teachers and from report cards. While it is true that this assignment of error is to a technical vio-

lation of the admissibility of evidence as contained in Code § 38-301, yet we cannot see how, in view of all the evidence in this case, such technical violation in the admission of this evidence, under the record, would require a reversal. There is evidence to the effect, when we consider the evidence in its entirety, to authorize the jury to conclude—in view of the son's inability to read and to study and his inability to apply himself, and in view of his constant pain and headaches and nervous twitching—that he would not make as good grades as he did prior to the accident, and before he lost his eyesight.

■ Special ground 3 complains of the following excerpt from the charge of the court: "I charge you, gentlemen, that it is a principle of law that children must be expected to act upon childish instincts and impulses, and not to exercise the discretion and prudence necessary for their safety, with regard to dangerous agencies."

In support of this assignment of error the defendant relies on *Fielder* v. *Davison*, 139 *Ga.* 509 (1) (77 S. E. 618), Code § 105-204, and *Central R. & Bkg. Co.* v. *Golden*, 93 *Ga.* 510 (2) (21 S. E. 68). While the authorities called to our attention in the case cited by the defendant state correct abstract principles of law, when we consider all of the facts and the entire charge in connection therewith, no grounds are shown for reversal of this case for the alleged reason that the court erred in using the words "dangerous agencies." This excerpt is contained in the first sentence of the court's charge. We will quote the whole charge on the subject: "I charge you, gentlemen, that it is a principle of law that children must be expected to act upon childish instincts and impulses, and not to exercise the discretion and prudence necessary for their safety, with regard to dangerous agencies. And I charge you further that the exercise of care required of a child differs from the standard of care required of adults. I charge you that the law requires that a child exercise such care only for its own safety as its capacity fits it for exercising in the actual circumstances of the occasion and situation. Thus, if this particular child was negligent and such act was proximate to its own injury, yet if such act was of a character that you would expect of this particular child, then this would not preclude recovery, for the child is required to use only such care as the

capacity of this particular child enables him to use under this given situation. The degree or measure of care which the child was required to exercise was that which is ordinarily exercised and which is to be reasonably expected from a child of his years and experience under the circumstances he was in as shown by the evidence, and, before the jury can find him guilty of contributory negligence or lack of due care, you must find that he failed to exercise such care and caution as might reasonably be expected of a child of his years and experience under the circumstances and the burden of proving such lack of due care is upon the defendant. Still that proof may come from either the evidence introduced by the plaintiff or that introduced by the defendant, or from the evidence of both. There is no presumption of law either that the child did or did not exercise due care or that the child did or did not have sufficient capacity at the time of the injury to know the danger and to observe due care for his own protection. It is solely within the province of the jury to determine from the evidence whether the child had sufficient capacity at the time of the injury to know the danger and to observe due care for his protection. Now, I charge you, gentlemen, that due care in a child of tender years is such care as its capacity, mental and physical; fits it for exercising in the actual circumstances of the occasion and situation under investigation."

When we consider as a whole all the charge on the question, it presents no error sufficient for reversing the case. It must be kept in mind that the allegations of the petition show (and the evidence supports these allegations) that the bus driver was required under the law to exercise extraordinary care for the protection of the school children; and when the injury was shown by evidence, a prima facie case was made out and the burden of procedure as to evidence shifted to the defendant (not the general burden, which began and remained with the plaintiff throughout the trial) to show that the child in the instant case did not exercise ordinary care for his own safety under all the facts and circumstances of the case, taking into consideration the age of the child, etc., and that the bus operator exercised extraordinary care. Now what was the situation here? The school bus driver was operating a bus loaded with school children; the bus was being driven at approximately thirty miles per hour, with

the bus windows open, and the bus was driven into a protruding tree limb with sufficient force for the limb of the tree to put out the eye of a school child, who at the time was engaged in reading a comic book. Under such circumstances, the negligence of the operator of the school bus, in permitting it to come into contact with the limb, we think created dangerous agencies under the facts of this case. We are not unmindful that a motor vehicle is not of and within itself a dangerous instrumentality per se, but that is beside the issue presented by the facts and circumstances of this case under all the pleadings and facts, and the charge of the court as a whole. The assignments of error on this ground show no reversible error.

■ We come next to consider the assignments of error on the exceptions pendente lite. The petition and the general and special demurrers thereto, the demurrers to the petition as amended, and the judgment of the court thereon are set forth somewhat fully. The petition as amended set forth a cause of action so far as the general demurrer was concerned, and the court did not err in overruling the general demurrer, as we think anyone would agree by reading the petition. As to the special demurrers, the petition was amended by the plaintiff to meet them. The errors assigned on the exceptions pendente lite and all other assignments of error are without merit.

The court did not err in overruling the demurrers both general and special, or in overruling the amended motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*