## 57768. BRAY v. THE STATE.

SMITH, Judge.

Appellant asserts that his conviction for aggravated assault must be reversed because the trial court admitted, over objection, expert medical testimony based largely on hearsay. We disagree and affirm the conviction.

Appellant's conviction arose out of a fight between appellant and one Gregg Griffeth. Griffeth testified that appellant swung at him while he stood with his hands in his pockets. As a result of this swing, Griffeth sustained a cut on his neck, approximately three inches long. Griffeth was taken to a health clinic for treatment. A medical assistant sewed up the wound and told Griffeth to return at a later time. On his return to the clinic, Griffeth was treated by Dr. Arthur M. Harwood. Dr. Harwood removed the old stitches and resutured the wound.

At trial, Dr. Harwood testified over objection that Griffeth's cut had been made with a very sharp, knife-like object. Appellant contends this testimony was necessarily based upon hearsay because the prior treatment prevented Dr. Harwood from observing the wound in its original state and forced him to rely on the hearsay statements of the medical assistant who initially treated Griffeth. The record does not support this contention.

Dr. Harwood testified that on the basis of his observation of the wound, there was no indication that the wound had been enlarged or deepened. He further testified that, by removing the sutures, he was able to observe the wound as it was originally. Solely on the basis of his first hand observation, Dr. Harwood testified that, in his opinion, the wound was made with a knife-like object. Such testimony was not based upon hearsay. Code § 38-301; *Eason v. Crews,* 88 Ga. App. 602, 614 (77 SE2d 245) (1953).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED MAY 9, 1979 — DECIDED SEPTEMBER 20, 1979.

*C. P. Brackett, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.