16871, 16872.   DAVIS *v.* McDUFFIE; and *vice versa.*

STEPHENS, J.   1. In a suit to recover a specified sum as damages for an alleged breach of a contract by the terms of which, the plaintiff alleged, he was entitled to a commission for services rendered by him in effecting a sale, in behalf of the defendant, of corporate stock belonging to the defendant, where the court, in the charge to the jury, outlined the plaintiff's contentions, and in so doing instructed them that the plaintiff in bringing the suit was seeking to recover the amount specified in the petition, and that he contended that he went to work under his contract of employment with the defendant and succeeded in effecting a sale, "not that he legally or formally closed up the sale, but that his work and his efforts effected the sale, that his work and his efforts were the primary, proximate, and procuring cause of the sale, and without which it would not have been made," an instruction immediately afterwards, that "in passing on this question it must appear to your satisfaction by the preponderance of the evidence that the work of the plaintiff, if he did any, or his efforts, if there were any, were the proximate, primary, procuring cause of the sale, without which the sale would not have been made, and in consequence of which the sale was actually closed up and

made legal and binding," clearly instructed the jury, and must necessarily have left them under the impression, that if the plaintiff proved the things narrated by the court, the plaintiff would be entitled to recover against the defendant.

2. The court, therefore, having, as above indicated, clearly instructed the jury that before the plaintiff could recover, his efforts must have been the proximate, primary, procuring cause of the sale, and without which the sale would not have been made, the charge was not subject to the exception that the court elsewhere, when instructing the jury that if the defendant made with the plaintiff the alleged contract to effect a sale of the defendant's stock, the defendant would still have the right to make the sale himself, left the jury with the impression that if the defendant in fact made the sale of the stock to the person with whom the plaintiff had had negotiations for the sale, the plaintiff would thereby be defeated in his right to recover commissions on the sale, although the plaintiff's efforts may have been the proximate, primary, procuring cause of the sale.

3. It appearing from the entire charge that, notwithstanding the defendant may himself have made the sale of the stock to the person alleged to have been procured by the plaintiff as a customer, the plaintiff could recover, if his efforts were the proximate, primary, procuring cause of the sale, a reiteration by the court, several times in the charge, that the contract made between the plaintiff and the defendant respecting the plaintiff's employment to negotiate a sale would not affect the defendant's right to make the sale himself, was not calculated to impress the jury with the idea that the plaintiff could not recover if the defendant himself effected the sale, although the plaintiff's efforts may have been the proximate, primary, procuring cause of the sale.

4. It was not error for the court to give in charge to the jury a contention of a party as made by the evidence, although such contention was not made in the pleadings.

5. Although the plaintiff alleged in his petition that the contract sued upon was that he was to "work with or assist" the defendant in the sale of the defendant's stock, yet where the plaintiff unequivocally testified upon the stand that the contract provided that he was to sell the stock, and where his evidence was silent as to there being any agreement between him and the defendant that the plaintiff was to assist the defendant in the sale of the stock, and where the evidence did not authorize any such inference, the court did not err in refusing to state to the jury the plaintiff's contention made in the petition, that he was to assist the defendant in the sale, and further did not err in stating to the jury the plaintiff's contention that he was employed to sell the stock of the defendant.

6. Applying the foregoing rulings, the court nowhere erred, either in the charge to the jury or in failing to charge, as contended by the plaintiff in the motion for a new trial.

7. The evidence being conflicting as to whether any contract as contended for by the plaintiff had been made, and as to whether the efforts of the plaintiff were the proximate, primary, procuring cause of the sale which the defendant himself made of the stock, the verdict found for the defendant was authorized.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.
Bell, J., concurs.  Jenkins, P. J., disqualified.*

DECIDED SEPTEMBER 29, 1926.

Complaint; from city court of Atlanta—Judge Reid. September 19, 1925.

*Hewlett & Dennis, Colquitt & Conyers,* for plaintiff.

*Reuben R. & Lowry Arnold,* for defendant.