### 29363.   GRIFFIN *v.* BLACKSHEAR BANK.

Decided March 6, 1942.   Rehearing denied March 27, 1942.

*H. F. Rawls,* for plaintiff in error. *Memory & Memory,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) A holder in due course of a promissory note is one who has taken the instrument under the following conditions: (1) that it is complete and regular on its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was a fact; (3) that he took it in good faith and for value; and (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Code § 14-502. Evidence tending to show possession of the note by the payee after maturity may rebut the presumption that the holder of the note, who is the transferee, is a holder in due course. The transfer or indorsement of the note sued on is not dated. There is positive direct testimony by Mr. Sweat that the note was transferred to the plaintiff bank as collateral for the loan about sixty days after the execution of the note, which was necessarily before the note matured, and that when the defendant made to Sweat a payment on the note on the day of its maturity the bank at the time owned the note. Sweat ap-

pears to have been unimpeached. This evidence, without more, is as a matter of law sufficient to establish conclusively and without dispute that the bank had acquired title to the note for value before its maturity and was therefore a holder in due course. There is no evidence that the bank afterwards surrendered the note to the payees or any one else. At the time of suit the bank was a holder of the note. The only evidence that could be relied on in rebuttal or contradiction of Sweat's testimony that the note had been transferred to the bank before maturity, and that the bank on the date of maturity when the defendant made a payment thereon to Sweat was the owner of the note, is that Sweat took the money and said nothing at the time about the ownership of the note, and that before that time the defendant had never received any notice from the bank. There is no evidence that Sweat, when the payment on the note was made to him, had possession of the note. The facts that Sweat took the payment on the note and at the time said nothing about the note's ownership by the bank and that it does not appear at the time he had the note, and that the defendant had before that time received no notice from the bank, are as consistent with the bank's ownership of the note at the time, and of its having acquired the note before maturity for value, as with the bank's non-ownership of the note and of the bank's not having acquired it for value before maturity. Before circumstantial evidence can have any probative value to rebut or contradict direct and positive testimony of an unimpeached witness of the alleged facts in question, such evidence must point at least more strongly to a conclusion opposite to the direct testimony. It is not sufficient that such circumstantial evidence points equally one way or the other. *Federal Reserve Bank* v. *Haynie, 46 Ga. App.* 522 (168 S. E. 112). In *Frazier* v. *Georgia R. &c. Co.,* 108 *Ga.* 807 (33 S. E. 996), it was held: "When a plaintiff's right to recover depended upon the establishment of a particular fact, and the only proof offered for this purpose was circumstantial evidence from which the existence of such fact might be inferred, but which did not demand a finding to that effect, a recovery by the plaintiff was not lawful, when, by the positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed."

There is no denial under oath by the defendant of the validity of the indorsement on the note. Without such denial the indorsement, where it appears regular on its face as it does here, need not be proved. Code, § 20-805. A denial that the plaintiff is a holder of the note in due course is not a denial of the validity of the indorsement as contemplated in the Code, § 20-805. Nor does such denial deny the authority of the indorser to act in indorsing the note as attorney in fact of the payee or transferor.

The note is a joint and several obligation, and suit was properly maintained against the surety only who resided in the county. It is immaterial that suit was not brought against the principal who resided in another county. The defendant admitted the execution of the note. The evidence demanded the verdict for the plaintiff, and the court did not err in so directing.

*Judgment affirmed. Sutton and Felton, JJ., concur.*