35355. ATLANTIC COAST LINE RAILROAD CO. *v.* HODGES.

CARLISLE, J. In this action against the railroad company to recover damages for the killing of the plaintiff's mule by the operation of one of the company's trains, the plaintiff charged that the defendant was negligent in that its servants, the engineer and fireman of the train in question, failed to check the speed of the train after discovering the mule on the company's right-of-way, running in a direction where it would be compelled to turn across its tracks, in that the servants were operating the train at an excessive rate of speed, in that they chased the mule along the right-of-way for a distance of 200 feet without making any effort to check the rate of speed of the train and otherwise avoid killing the mule, and in that they failed to keep a proper lookout and to discover the dangerous position of the mule in time to stop the train and avoid killing it. The jury returned a verdict for the plaintiff, and the defendant's motion for new trial, based solely on the general grounds, was denied. It has brought the present writ of error to have that judgment reviewed.

1. "The plaintiff by showing that the mule was killed by the operation of the train successfully invoked the prima facie presumption of want of

reasonable skill and care afforded by the Code, § 94-1108. But the inference created by proof of injury by the running of the defendants' train came to an end when the defendants produced some evidence to the contrary, and the burden then fell on the plaintiff to make out a case without any aid from the statute." *Jones* v. *Powell,* 71 *Ga. App.* 202 (30 S. E. 2d 446), and citations; *Atlantic Coast Line R. Co.* v. *Martin,* 79 *Ga. App.* 194 (53 S. E. 2d 176), and citations. In the instant case, it was admitted that the defendants' train killed the plaintiff's mule, but it was contended by the defendants' servants that, while the train was traveling at a speed of from twenty to twenty-five miles an hour along tracks on which the view was unobstructed for a distance of from five to eight miles, the train struck a mule which came suddenly toward and onto the track in front of the train, that they did not see the mule until the train was within 300 or 400 feet of the mule, which was coming toward the tracks, that they were keeping a lookout ahead, and that when they saw the mule coming toward the track, the engineer applied the brakes, sounded the whistle and bell, and opened the cylinder cocks on the engine, and he was able thereby to reduce the speed of the train slightly, that is, by five or ten miles per hour, but he was unable to avoid striking and killing the mule. It follows that, under the authority of the cases cited above, the plaintiff can derive no benefit from the statutory presumption contained in Code § 94-1108.

2. There was testimony at the trial, however, that immediately before the mule was struck by the train, a horse and colt crossed the track in front of the train and they "jest did get cross, [but] by the mule being slow, he didn't make it crost," and this testimony, by a section hand employed by the railroad, was corroborated by his section foreman. The engineer of the train testified that he did not see such a horse or colt cross the track in front of the train at all, although there was nothing which could have obstructed his view of them. Under these circumstances, the rule relative to positive and negative testimony, contained in Code § 38-111, is called into play, and, under a proper instruction from the court, which we will presume was given—as the charge does not appear in the record—the jury was authorized to believe the positive testimony of the section hand and section foreman rather than that of the engineer that he did not see the horse and colt cross the track immediately before the mule was struck by the train. *Hunter* v. *State,* 4 *Ga. App.* 761 (62 S. E. 466); *Waller* v. *State,* 24 *Ga. App.* 347 (100 S. E. 762). If the jury believed that the horse and colt crossed the track in front of the train immediately before the mule was struck by the train, it would be authorized to infer that the engineer was, therefore, not keeping a proper lookout ahead, although he swore that he was. Witnesses may be impeached by disproving the facts to which they testify. Code § 38-1802. And when a witness has been successfully contradicted as to a material matter, his credit as to other matters is for the jury. Code § 38-1806. It follows that the jury was authorized to find that the engineer was not in the exercise of reasonable care, and that by the exercise of such care he could have avoided killing the mule. The evidence consequently authorized the

verdict, and the trial court did not err in denying the motion for a new trial, based solely on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided October 1, 1954—Rehearing denied October 22, 1954.

*Peacock, Perry, Kelley & Walters, W. H. Miller,* for plaintiff in error.

*Custer & Kirbo,* contra.