36764. CHANCEY *v*. SHIRAH.

DECIDED JUNE 17, 1957.

*Leon A. Wilson, II, R. E. Lawson,* for plaintiff in error.
*Kopp & Peavy,* contra.

TOWNSEND, J. ■ It is strongly contended that the evidence, being circumstantial, and being in conflict with the direct testimony of the driver of the defendant's truck, is insufficient to support the verdict on the general grounds, as the plaintiff has failed to show that the truck by which he was injured belonged to the defendant. The rule to be applied by the appellate court in testing whether or not circumstantial evidence offered in the trial court is insufficient as a matter of law to support a verdict on some particular issue in the case is as follows: "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." *Georgia Ry. & Electric Co.* v. *Harris,* 1 *Ga. App.* 714, 717 (57 S. E. 1076) ; *Armour & Co.* v. *Gulley,* 61 *Ga. App.* 414 (2) (6 S. E. 2d 165). In the trial court the jury must decide whether the circumstantial evidence is not only consistent with the conclusion reached but also inconsistent with every other reasonable hypothesis, as established by a preponderance of the evidence. *Herman* v. *Aetna Casualty & Surety Co.,* 71 *Ga. App.* 464 (31 S. E. 2d 100). In the appellate court, it must appear that the circumstances proved tend in some proximate and reasonable degree to establish the conclusion claimed and render less probable all inconsistent conclusions. *Ladson Motor Co.* v. *Croft,* 212 *Ga.* 275 (92 S. E. 2d 103). In neither case is it necessary that such evidence be inconsistent with all other reasonable theories beyond a reasonable doubt or to the point of logical demonstration. *Dodd* v. *Callaway,* 76 *Ga. App.* 629 (46 S. E. 2d 740). The rule must

94

be observed that where a finding of fact may be inferred but is not demanded by circumstantial evidence, it will not support a verdict when by the positive and uncontradicted testimony of an unimpeached witness *perfectly consistent with the circumstantial evidence*, it is shown that no such fact exists. *Myers* v. *Phillips*, 197 *Ga*. 536 (29 S. E. 2d 700). This is for the reason that evidence which equally supports two theories proves neither. For circumstantial evidence that a fact exists to have probative value against direct and unimpeached evidence that the fact does not exist, such evidence "must point at least more strongly to a conclusion opposite to the direct testimony." *Griffin* v. *Blackshear Bank*, 66 *Ga App*. 821, 825 (19 S. E. 2d 325). Here it cannot be said that the testimony of the defendant's driver is perfectly consistent with the circumstantial evidence, in view of the pieces of wood introduced in evidence and direct testimony that the stubs found on the defendant's truck matched the wood splinters found on the highway at a point where the jury was authorized to find the impact occurred. The defendant testified his standards were in perfect condition when he stopped after having passed this point. The circumstantial evidence rule does not mean that the testimony of a witness can never be disproved except by the direct contradictory testimony of another witness. Here the jury was authorized to believe that the wood found in the road came from the defendant's truck; if it did believe this fact a conclusion was demanded that the standards had torn loose prior to the time this witness said he last checked them. Evidence that the defendant's truck was responsible for the plaintiff's injury is, accordingly, sufficient to support the verdict on this issue, although the plaintiff could not positively identify either the truck or its driver. The general grounds of the motion are without merit.

■ The plaintiff alleged that the use of wooden standards was negligence, and there was considerable testimony in the record that using wooden standards to hold the lumber in the truck in place was not a safe practice. The plaintiff's attorney, in his cross-examination of the defendant, attempted to force him to admit that steel standards would have been stronger and relatively inexpensive. In view of the freedom allowed on cross-

examination generally, it was not error, after asking the defendant how much weight a wooden standard would support, to inquire whether it would be possible for a man to break a steel standard by leaning against it. In point of fact it does not appear from this special ground that the witness ever completed his answer to the question. This ground is without merit.

■ The plaintiff here sought recovery against the defendant owner of the truck only, on grounds of negligence which were the personal acts of the owner and other grounds which were the acts of the owner's servant within the scope of the master's business. Thus, both classes of negligence alleged referred to negligence of the defendant, either direct or imputable to him through the acts of his servant. Code § 105-108. No issue being made on the trial of the case but that the driver was the servant of the defendant, and that his negligence, if it existed as alleged, was imputable to the defendant, there was no error in referring in the charge to "negligence of the defendant" instead of "negligence of the defendant's driver." Special ground 2 is without merit.

■ A portion of the charge on damages is excepted to on the ground that it authorized recovery for an item not sought by the plaintiff in his pleadings (future pain and suffering) ; that a charge was given on decreased capacity to labor while damages for this were not sought by the pleadings; that loss of future earnings and loss of future earning capacity were not distinguished and the court did not submit to the jury the question of loss of future earnings; because the charge gave the jury the right to return a verdict not in accordance with evidence as to loss and expenses but any sum they saw fit in their enlightened consciences, and that he unduly emphasized the right of recovery for pain and suffering. The court charged that the amount of damages should compensate for injuries received, that hospital and doctor bills should be taken into consideration, and that elements of future pain and suffering and impairment of ability to labor in the future, when found, must be reduced to present cash value, and the court nowhere charged that there could be a recovery for loss of future earnings. Impairment of ability to labor is of course a part of pain and suffering and need not be reduced to present cash value. *Southern Ry. Co.* v. *Bottoms,*

35 *Ga. App.* 804 (2) (134 S. E. 824). This charge, and the failure of the court to charge that there might be a recovery for lost earnings in the future were error but harmful only to the plaintiff. Since the plaintiff alleged that he would continue to suffer physical impairment and pain and suffering throughout life, and prayed for $8,000 because of the "pain and suffering sustained by petitioner by virtue of said injuries" it cannot be said that a charge on future pain and suffering was unwarranted, or that a charge on impairment of the capacity to labor as a part of pain and suffering was erroneous. There was no demurrer to the pleadings, which raised this issue, by implication at least. Further, the evidence in the case was to the effect that the plaintiff had suffered a permanent physical disability which prevented him from continuing to engage in the occupation of long-haul driver as he had done up until the infliction of the injuries. Thus, this issue was clearly made by the evidence. It is frequently held not erroneous for the court to give in charge to the jury a contention of a party as made by the evidence, although such contention was not made in the pleadings. *Davis* v. *McDuffie,* 35 *Ga. App.* 786 (4) (134 S. E. 800). The charge, "The guide for fixing damages, if any, for pain and suffering, or diminished capacity to labor, as distinguished from earning capacity, is the enlightened consciences of impartial jurors" is in the same language as the charge in *Atlantic Coast Line R. Co.* v. *Ouzts,* 82 *Ga. App.* 36, 61 (60 S. E. 2d 770), and was there held not subject to the objections urged against it.

The objections of the plaintiff in error are accordingly without merit. This charge did not, as in *Southern Grocery Stores* v. *Smith,* 59 *Ga. App.* 631 (1) (1 S. E. 2d 762), leave the entire question of damages to the enlightened consciences of the jury. It instructed them "to take into consideration any hospital bills or doctor bills" and that the amount "should compensate for the injuries received." No part of the charge authorized a recovery on issues not raised by the pleadings and evidence. If, as contended, the court did not submit to the jury the question of loss of future earnings, this harmed only the plaintiff, and the same is true of the other inaccuracies in the charge on reducing amounts found for pain and suffering to present cash value, which were

not harmful as against the defendant. Accordingly, no reversible error is shown here.

The trial court did not err in denying the amended motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*