42481.   USSERY v. KOCH et al.
42482.   PEACOCK v. KOCH et al.

Argued January 9, 1967—Decided February 28, 1967—
Rehearing denied March 28, 1967—

*Farkas, Landau & Davis, James V. Davis,* for appellants.

*Divine & Busbee, George D. Busbee, Edgar B. Wilkins, Jr., S. B. Lippitt, Watson, Keenan, Spence & Lowe, Frank H. Lowe, Jr.,* for appellees.

QUILLIAN, Judge. ■ Insofar as the motion for summary judgment on Count 1 is concerned we consider the question: did the record reveal there was a genuine issue of fact as to whether the defendant Green and the defendant Jones' intestate, Kay

Langley, were changing drivers at the time of the accident as alleged in the petition?

In regard to this issue the evidence showed that during the course of the ride there were driver changes at various stops but at no time while the car was in motion was there a change of drivers. While the testimony of the witnesses was confused and contradictory as to exactly who was driving at the time of the fatal collision, there was no testimony as to swapping drivers while the car was proceeding on the highway. Instead, such fact was positively denied by the defendant Koch.

The plaintiff urges that since at the accident scene the two girls, alleged to be changing drivers, were found lying next to the steering wheel, this would be a circumstance tending to support plaintiff's theory. While we recognize the value of physical evidence, and the position of the bodies might lend credence to other evidence of the driver swapping theory, standing alone it would be susceptible to many possible interpretations. Where there is direct evidence denying that the defendants were changing drivers, the mere fact that the two were found at the scene lying together under the steering wheel would not be evidence to the contrary. "Where a finding of fact may be inferred but is not demanded by circumstantial evidence, it will not support a verdict when by the positive and uncontradicted testimony of an unimpeached witness perfectly consistent with the circumstantial evidence, it is shown that no such fact exists. *Myers v. Phillips,* 197 Ga. 536 (29 SE2d 700). . . For circumstantial evidence that a fact exists to have probative value against direct and unimpeached evidence that the fact does not exist, such evidence 'must point at least more strongly to a conclusion opposite to the direct testimony.' *Griffin v. Blackshear Bank,* 66 Ga. App. 821, 825 (19 SE2d 325)." *Chancey v. Shirah,* 96 Ga. App. 91, 94 (99 SE2d 365); *Neill v. Hill,* 32 Ga. App. 381, 382 (2) (123 SE 30); *Federal Reserve Bank of Atlanta v. Haynie,* 46 Ga. App. 522 (1) (168 SE 112); *King v. Sharpe,* 96 Ga. App. 71, 78 (99 SE2d 283).

Despite the application of the rule that the party opposing the motion for summary judgment must be given the benefit of all favorable inferences (*McCarty v. National Life Ins. Co.,*

107 Ga. App. 178, 179 (129 SE2d 408)), here the circumstantial evidence was without probative value. Hence, there is no genuine issue of material fact to be resolved by the trier of facts, and the movants are entitled to a judgment.

The plaintiff also argues that since the defendant Koch at one time stated to a patrolman that he was driving and then later testified that Kay Langley was driving, this contradiction creates a doubt as to his credibility which would leave his testimony subject to being impeached and thus for a jury to resolve. Counsel for plaintiff points out that it is the jury's prerogative to ascertain if a witness has been impeached and then determine what credence to give his testimony. *Code* § 38-1806. *Swift & Co. v. Lawson,* 95 Ga. App. 35, 54 (6) (97 SE2d 168).

This principle is applicable where a witness has been successfully contradicted as to a material matter. *Atlantic C. L. R. Co. v. Hodges,* 90 Ga. App. 870 (2) (84 SE2d 711). In the instant case the witness did not make a contradictory statement as to the vital point at issue to wit, whether the defendants were changing drivers, but merely as to who was driving at the time of the accident. Hence, the sole remaining factor to be considered devolves upon what effect the fact the witness made a sworn statement which contradicted an earlier unsworn one, as to an issue not material to the motion for summary judgment, would have upon his testimony.

Evidence is not admissible for the purpose of attempting to impeach a witness by contradictory statements on an immaterial matter. *Bryant v. State,* 191 Ga. 686 (2) (13 SE2d 820); *Grant v. Hart,* 197 Ga. 662 (7) (30 SE2d 271). As held in *Benefield v. Malone,* 112 Ga. App. 408, 411 (145 SE2d 732): "Affidavits in support of or in opposition to motions for summary judgment must 'set forth such facts as would be admissible in evidence' on the trial of the case. *Code Ann.* § 110-1205."

Furthermore, the plaintiff expressly abandoned his reliance on *Code Ann.* § 110-1206 (Ga. L. 1959, pp. 234, 236) and, indeed, the parties stipulated that an affidavit of a court reporter which contained testimony by the defendant Koch and other witnesses would be treated as depositions by those witnesses. Thus, the federal cases cited by the plaintiff (see Colby v. Klune,

178 F2d 872), dealing with the credibility of parties or witnesses who testified solely by affidavit, would not be applicable since we must assume that the plaintiff had every available opportunity to produce evidence contradictory to the affidavit and to attack Koch's credibility. The summary judgment statute cast the duty upon the plaintiff to produce rebuttal evidence at the hearing to show that there was a genuine issue of fact. *Scales v. Peevy*, 103 Ga. App. 42, 47 (118 SE2d 193); *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 304 (138 SE2d 580). However, no such testimony was adduced; nor was any effort made to lay the foundation for Koch's impeachment. Hence, the evidence (here contained in an affidavit) of a contradictory statement is, for this additional reason, not admissible to discredit Koch. *Quinton v. Peck*, 195 Ga. 299 (6) (24 SE2d 36).

While the plaintiff contends he should be allowed an opportunity to cross examine Koch on the trial since he was an adverse party and his testimony was suspect, there is nothing to show that Koch's testimony as to the only material issue of the case would be different on trial. Therefore, as pointed out in Dyer v. MacDougall, 201 F2d 265, upon a trial the plaintiff could not have escaped a directed verdict for the defendants, and the granting of a summary judgment was proper.

In view of the rulings above set out as applied to the circumstances of this case "neither the trial court nor this court is concerned with the credibility of the affidavits—only with the matter of whether they show a genuine issue of fact to exist." (Emphasis supplied.) *Benefield v. Malone*, 112 Ga. App. 408, 410, supra. See in this connection *Darby v. Interstate &c. Ins. Co.*, 107 Ga. App. 409 (130 SE2d 360); *Hollis v. St. Joseph Infirmary*, 108 Ga. App. 309 (132 SE2d 841).

Since we have already determined no genuine issue of fact exists, the trial judge did not err in granting the motions for summary judgment as to Count 1.

■ The defendants contend the trial judge properly sustained their general demurrers and motions to dismiss addressed to Counts 2 and 3 because they contain allegations so contradictory as to defeat plaintiff's right to recovery.

As pointed out in the statement of facts, Count 2 alleges that

the deceased Langley was the driver of the car while Count 3 alleges the defendant Green was the driver. However, both counts incorporate by reference Paragraph 8 of Count 1 which reads: "At a point just beyond said 'jog' in the highway, and while said two defendants were engaged in the process of changing drivers, the said automobile crossed the center line over onto the east side of the highway and into that lane of the highway provided for northbound traffic, and collided with a 1962 Ford Falcon being driven in a northerly direction." The defendants contend that since each count otherwise alleges there was but one driver, such allegation makes the petition inconsistent and self-defeating. They cite *Jenkins v. Dunlop Tire &c. Corp.*, 71 Ga. App. 255 (30 SE2d 498), where the court held that the imperfection of the petition was not merely duplicity or inconsistency in form, but that the allegations were repugnant, in matter of substance, so as to neutralize and destroy each other; thus, the petition was fatally defective and subject to general demurrer.

Although recognizing the cited rule we can not agree with the conclusion reached by the defendants. There is certainly no incongruity in alleging that defendant "A" was the driver, but at a time when the automobile was in motion and while the defendants were in the process of changing drivers, the accident occurred. The addition of the quoted allegation would not render the other allegations of the petition so disjunctive as to preclude recovery.

Since no cause of action was set out against the defendant Green in Count 2 of the petition or against the defendant Jones, as administrator of the estate of Kay Langley, in Count 3, the general demurrer of the defendant Green to Count 2 and the general demurrer of the defendant Jones to Count 3 were correctly sustained. However, the trial judge erred in sustaining the defendant Jones' general demurrer to Count 2, the defendant Green's general demurrer to Count 3, and the motions to dismiss Counts 2 and 3 made by the defendants Koch and Ailstock.

■ The defendants contend that after the summary judgment was granted as to Count 1, with that count deleted from the petition, it opened the petition up to attack as being multi-

farious and containing a misjoinder of parties and causes of action. The special demurrers so attacking the petition were filed by the defendants Jones and Green.

In view of the ruling made in the previous division of this opinion, these grounds of demurrer are without merit. In *Lowery Lock Co. v. Wright*, 154 Ga. 867 (1c) (115 SE 801), the Supreme Court held: "The defendant against whom there is a sufficient complaint can not object that others who have no interest in the subject-matter of the suit are made defendants, unless it also appears that his interests are affected thereby." *Dishinger v. Suburban Coach Co.*, 84 Ga. App. 498, 508 (66 SE2d 242). Here it is evident that each of the defendants would not be harmed by the fact that in another count, which sets forth no cause of action against the particular defendant, another party was named as defendant. Thus, the defendant Jones would not be affected by the fact that the defendant Green was included in Count 3 since only Count 2 (where Green was not a party) sets out a cause of action against the defendant Jones. The converse would be true as to the relation of the defendant Green to the defendant Jones.

Furthermore, we recognize the rule that "A plaintiff may, in one petition, set out as many contradictory versions of the same transaction as he deems advisable to meet the probable evidence, provided each separate version is set forth in a separate and distinct count, itself constituting a complete cause of action of such a nature that it may properly be joined with the other alleged causes of action, and varies from all the other counts in some material particular." *Foster v. Southern R. Co.*, 42 Ga. App. 830 (3) (157 SE 371); *Gainesville &c. R. Co. v. Austin*, 127 Ga. 120 (1) (56 SE 254); *National Surety Co. v. Farmers State Bank*, 145 Ga. 461, 467 (89 SE 581). The trial judge erred in sustaining the special demurrers based on multifariousness and misjoinder.

■ Certain grounds of the special demurrers attack particular allegations of the petition as being conclusions of the pleader.

Where the plaintiff plainly and concisely states the material ultimate facts upon which he relies for recovery; he is not required to make an exhaustive statement of the exact evidence

relied upon. *Old Colony Ins. Co. v. Dressel,* 220 Ga. 354, 356 (138 SE2d 886). The remaining grounds of special demurrer are without merit.

The trial judge erred in sustaining the special demurrers of the defendants Jones and Green.

*Judgments affirmed in part; reversed in part. Frankum, P. J., and Deen, J., concur.*