**Theresa M. LIBANO, Plaintiff,**

v.

**William Nicholas DeWALD and René D. Kemp, as Administrator of the Estate of Eunice Woods Lowe, Deceased, Defendants.**

**Civ. A. No. 2204.**

United States District Court
S. D. Georgia.
March 7, 1969.

John M. Sikes, Jr., Atlanta, Ga., for plaintiff.

Luhr G. C. Beckmann, Jr., Frank Seiler, Savannah, Ga., Francis T. Ryan, N. Palm Beach, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

LAWRENCE, District Judge.

Where plaintiff testifies positively on discovery deposition that the car in which she was riding was in its proper lane at the time of a head-on collision with another vehicle but where circumstantial evidence offered by her tends to disprove her statement should a motion for summary judgment be granted to the defendant driver of the automobile in which plaintiff was seated?

■ Such was the question presented as matters stood when defendant's motion was orally argued. The posture of things has now changed. Miss Libano, the plaintiff, subsequently filed an affidavit in which she deposed:

"When this deposition was taken I had been out of bed about a week and I was very nervous and tense. At this time my mind is a lot clearer than at the time of the deposition. At the deposition I did not mean to or intend categorically to say where the wreck happened, as it occurred so quickly. But whatever I said then, it is my recollection which I believe to be accurate and more clear than I was at the deposition, that, because I was sitting in the rear, and I was not paying any particular attention to the road ahead of us and the traffic on it until I saw the two cars coming together an instant before impact, I cannot say in which lane this wreck occurred."

I am going to overrule the motion for summary judgment although I will remark in doing so that such a course by a litigant in this Court is considerably less than impressive to me. Perhaps allowance should be made for a 75-year old woman. Collisions of this sort happen with such rapidity that the fleeting impressions of a passenger on the rear seat as to the exact position of the two cars may carry less weight than marks, debris and other circumstantial facts. Trooper Clark stated in his affidavit, "I made the determination that the Libano car cross-

ed the center of the highway and struck the Lowe car practically head-on and that almost the entire Libano car was in the Southbound lane at the time of impact." He then detailed at length the gouge marks in the road and the other facts supporting his conclusion as to the position of the cars immediately prior to the impact.

 "It is possible for circumstantial evidence to outweigh in probative value direct testimony inconsistent therewith, although the testimony of the witness be not otherwise impeached." Chancey v. Shirah, 96 Ga.App. 91(1), 99 S.E. 2d 365. The rule that a plaintiff is not entitled to a finding in his favor if his testimony demonstrates that the verdict should be against him "is not germane and applicable * * * save where the plaintiff is the *sole* witness by whose testimony alone it is sought to establish the allegations of his petition * * *." Western and Atlantic Railroad v. Mathis, 63 Ga.App. 172 at 177, 10 S.E.2d 457 at 462. Where a finding of fact may be inferred but is not demanded by circumstantial evidence it will not support a verdict "when by positive and uncontradicted testimony of unimpeached witnesses which was *perfectly consistent with the circumstantial evidence* relied on by the plaintiff, it was affirmatively shown that no such fact existed." Myers v. Phillips, 197 Ga. 536 at 542, 29 S.E.2d 700 at 703 (italics supplied). In Bennett v. Associated Food Stores, Inc., 118 Ga. App. 711, 165 S.E.2d 581, it was said:

> "Where the evidence relied upon to support his case is from the party himself these rules must yield to the rule that if his testimony is vague, contradictory or evasive, it is to be construed against him, and unless he presents other evidence tending to es-

tablish his right to recover he is not entitled to a finding in his favor, if that version of his testimony the most unfavorable to him shows that the verdict should be against him." [1]

 Even conceding that Miss Libano's testimony as to the position of the cars is "positive," it is completely at odds with other evidence presented on her behalf. Unlike Ussery v. Koch, 115 Ga. App. 463, 154 S.E.2d 879, where "the circumstantial evidence was without probative value," the indirect evidence here, as set forth in Corporal Clark's affidavit, is rather persuasive.[2] Apart from any right by her to recant, I do not think that a plaintiff swears herself out of court by testifying to a crucial fact, as to which she may not be the best judge, when her version is refuted by important circumstantial evidence.

Jury questions exist and defendant's motion for summary judgment is therefore denied.

---

1. Reliance here only upon Georgia cases does not imply agreement with counsel's contention that determination of whether or not a fact exists is, under *Erie*, a matter of state substantive law. For example, the sufficiency of the evidence to raise a question of fact is controlled by federal law. Shirey v. L. & N. R. Co., 327 F.2d 549 (5th Cir., 1964); Pogue v. Great Atlantic & Pacific Tea Company, 242 F.2d 575 (5th Cir., 1957).

2. Of course, my evaluation of this evidence has no relation as to its merit for purposes of the trial itself.