A10A0703. FLORES et al. v. EXPREZIT! STORES 98-GEORGIA, LLC et al.

(696 SE2d 125)

ANDREWS, Presiding Judge.

This case involves provisions of the Georgia Dram Shop Act (GDSA) (OCGA § 51-1-40) which provide that, when a person sells alcoholic beverages to a noticeably intoxicated buyer, who the seller knows will soon be driving a motor vehicle, the seller may be liable for resulting injury or damage when the buyer drives while intoxicated from consumption of those alcoholic beverages. At issue is whether these provisions of the GDSA apply to sales by a convenience store of alcoholic beverages in a closed or packaged container not intended for consumption on the store premises. Because we conclude that the GDSA does not apply to those sales, we affirm the trial court's grant of summary judgment dismissing a claim brought under the GDSA based on the sale of alcoholic beverages by a convenience store owned or operated by Exprezit! Stores 98-Georgia, LLC and three related defendants.[1]

The GDSA claim against Exprezit! arose out of a motor vehicle collision which occurred when Billy Joe Grundell, age 24, allegedly lost control of the motor vehicle he was driving, crossed the centerline of the road, and caused a head-on collision with a van traveling in the opposite direction. A post-collision analysis of Grundell's blood showed that he was driving with a blood alcohol concentration of 0.181 grams per 100 milliliters, an amount in excess of the legal limit. Six people died in the collision, Grundell and his passenger along with the driver and three passengers in the van, and three additional passengers in the van were seriously injured including Nancy Flores, the minor child of Elias Flores and Maria Flores Vazquez. The Floreses brought suit individually and on behalf of their child alleging under the GDSA that Exprezit! was liable for injury and damages they suffered arising from the collision because, about four hours prior to the collision, an Exprezit! convenience store employee sold packaged beer to Grundell when he was notice-

---

[1] The GDSA claim was brought against two LLCs (Exprezit! Stores 98-Georgia, LLC and Exprezit! Convenience Stores, LLC), and two individual defendants employed at the convenience store by one of the LLCs (Sandra Delk and Phylis Gayle Smith). These defendants are collectively referred to in this opinion as "Exprezit!".

ably intoxicated, knowing that he would soon be driving a motor vehicle. The only Exprezit! employee working at the store during the relevant time period denied selling beer or any alcoholic beverages to Grundell. The Floreses, however, produced direct and circumstantial evidence to the contrary from witnesses who testified that, about four hours prior to the collision, they saw Grundell and his passenger drive to the Exprezit! store; that Grundell was noticeably intoxicated at the time; that Grundell went in the store, left carrying a 12-pack of beer, and drove away; and that Grundell and his passenger consumed the beer after they left the store and prior to the collision. Presuming this evidence was sufficient to raise factual issues under the GDSA, and construing the facts in favor of the Floreses, we nevertheless conclude that the trial court correctly granted summary judgment in favor of Exprezit! because the GDSA did not apply to Exprezit!'s alleged sale of the packaged beer to Grundell.

The GDSA (OCGA § 51-1-40) provides in relevant part:

> (a) The General Assembly finds and declares that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section.
>
> (b) A person who sells, furnishes, or serves alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury, death, or damage caused by or resulting from the intoxication of such person, including injury or death to other persons; provided, however, a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, or who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor or person when the sale, furnishing, or serving is the proximate cause of such injury or damage. . . .

As the statute makes clear, the GDSA applies in the context of injury or damage resulting from the operation of a motor vehicle by a driver who is under the influence of alcohol, and imposes liability on a limited class of alcohol suppliers who sell, furnish, or serve

alcohol to a noticeably intoxicated consumer with reason to know that the consumer will be driving a motor vehicle shortly after consuming the supplied alcohol. *Delta Airlines v. Townsend*, 279 Ga. 511, 513 (614 SE2d 745) (2005). The Supreme Court explained in *Delta Airlines* that the basis for imposing liability under these circumstances is that

> [w]here one provides alcohol to a noticeably intoxicated individual knowing that he will soon be driving his car, it is foreseeable to the provider that the consumer will drive while intoxicated and a jury would be authorized to find that it is foreseeable to the provider that the intoxicated driver may injure someone.

(Citation and punctuation omitted.) Id. This basis for imposing liability on an alcohol supplier under the GDSA makes sense where the alcohol is supplied for legal consumption on the supplier's premises. In that case, the alcohol supplier knows that a certain quantity of alcohol is being furnished for immediate consumption by a noticeably intoxicated consumer who will soon be driving while further intoxicated by the furnished alcohol. Under these circumstances, a jury is authorized to impose liability on the basis that it was reasonably foreseeable to the alcohol supplier that these actions created an unreasonable risk that the consumer could cause harm by driving while intoxicated. Id.; see *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 238 (227 SE2d 336) (1976) (liability for negligent acts predicated on creation of a foreseeable unreasonable risk of harm).

In the present case, however, the Exprezit! convenience store allegedly sold alcohol (a 12-pack of beer) to Grundell in a closed, packaged container, which was not intended to be consumed on the store premises. In fact, Grundell could not legally consume the alcohol on the store premises or in the motor vehicle he drove to the store. OCGA §§ 3-3-26; 40-6-253. Even if Grundell was noticeably intoxicated and Exprezit! knew he would leave the store with the packaged beer and drive away in a motor vehicle, Exprezit! did not know if Grundell would drink the beer, how much he might drink, when he might do so, or whether he would drive soon after drinking. Nothing in the GDSA required Exprezit! to investigate these matters, or to presume the worst, before selling the packaged beer to Grundell. Under these circumstances, there is no basis for concluding that it was or should have been reasonably foreseeable to Exprezit! that Grundell would soon drive while intoxicated from consuming the packaged beer it sold. Only by pure speculation could a jury impose liability under the GDSA on the basis that it was

reasonably foreseeable to Exprezit! that the sale of the packaged beer created an unreasonable risk that Grundell could cause harm by driving while intoxicated.

The Floreses argue that, because the GDSA does not distinguish alcoholic beverages sold and consumed on the seller's premises from packaged alcoholic beverages sold by a store for later consumption, we must apply to Exprezit! the plain and unambiguous language of the statute which broadly provides in relevant part that

> . . . a person . . . who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such . . . person when the sale, furnishing, or serving is the proximate cause of such injury or damage. . . .

OCGA § 51-1-40 (b). Where the language of a statute is plain and unambiguous, and does not lead to contradictory, absurd, or wholly impractical results, it is the sole evidence of legislative intent and must be applied according to its express terms. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). We conclude that the plain language of the GDSA, as applied to Exprezit! and similar stores that sell packaged alcoholic beverages not intended for consumption on the store premises, would lead to wholly impracticable results. As set forth above, to impose liability under the GDSA because these sellers knew a buyer leaving the store with packaged alcohol might at some point consume some or all of the alcohol, and might soon drive after doing so, would require a jury to speculate about or invent a basis for finding that it was foreseeable to the seller that the sale created an unreasonable risk that the buyer could cause harm by driving while intoxicated. Where a jury must rely on speculation or guesswork to reach a verdict, this is an improper basis for imposing liability. *Dildine v. Town & Country Truck Sales*, 259 Ga. App. 732, 734 (577 SE2d 882) (2003). Because we will not ascribe to the legislature a wholly unreasonable, impracticable, or futile intention, we find that the legislature did not intend for the GDSA to apply under these circumstances.[2] *Hollowell*, 247 Ga. at 681; *City of Jesup v. Bennett*, 226 Ga. 606, 609 (176 SE2d 81) (1970).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

---

[2] We do not deal in this case with packaged alcohol wilfully, knowingly, and unlawfully sold by a store to a person who is not of lawful drinking age. The GDSA applies to those sales. *Riley v. H & H Operations*, 263 Ga. 652 (436 SE2d 659) (1993); *Taylor v. N. I. L., Inc.*, 221 Ga. App. 99 (470 SE2d 491) (1996).

DECIDED JUNE 7, 2010 — 

*Edward J. Bauer, Mary K. Durant, Brandon R. Day*, for appellants.

*Fain, Major & Breman, Gene A. Major, Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., Weinberg, Wheeler, Hudgins, Gunn & Dial, Y. Kevin Williams, John B. Jackson, Michael A. Sexton, Buckley Brown, Robert C. Semler, Douglas L. Gibson*, for appellees.