A10A0703. FLORES et al. v. EXPREZIT! STORES 98-GEORGIA, LLC et al.
(724 SE2d 870)

ANDREWS, Judge.

In *Flores v. Exprezit! Stores 98-Georgia, LLC*, 304 Ga. App. 333 (696 SE2d 125) (2010), we affirmed the trial court's grant of

---

summary judgment dismissing a Georgia dram shop act (OCGA § 51-1-40) claim brought against defendants owning or operating a convenience store on the basis that the dram shop act did not apply to a convenience store's sale of closed or packaged containers of alcohol to an adult. In *Flores v. Exprezit! Stores 98-Georgia, LLC*, 289 Ga. 466 (713 SE2d 368) (2011), the Supreme Court reversed our judgment and held that OCGA § 51-1-40 did apply to that claim. Accordingly, the judgment of the Supreme Court is made the judgment of this Court. In light of the Supreme Court's ruling that OCGA § 51-1-40 applies to the claim, we now address additional enumerations of error raised in *Flores*, 304 Ga. App. 333 asserting that the trial court erred by granting summary judgment for other reasons and by denying a motion seeking sanctions for spoliation of evidence.

The complaint pursuant to OCGA § 51-1-40 was brought by Elias Flores and Maria Flores Vazquez individually and on behalf of their minor child, Nancy Flores, for injuries suffered by the child in a collision between a van in which the child was a passenger and a car driven by 24-year-old Billy Joe Grundell. The Floreses alleged that Grundell lost control of his car, crossed the centerline of the road, and caused a head-on collision with the approaching van in which their child was injured and six people were killed including Grundell. *Flores*, 304 Ga. App. at 333. There was evidence that "[a] post-collision analysis of Grundell's blood showed that he was driving with a blood alcohol concentration of 0.181 grams per 100 milliliters, an amount in excess of the legal limit." Id. In support of their claim pursuant to OCGA § 51-1-40, the Floreses contend that, about four hours before the collision, Grundell drove to a convenience store owned or operated by Exprezit! Stores 98-Georgia, LLC and others;[1] that Grundell entered the store and purchased packaged beer while noticeably intoxicated; and that he drove off and later consumed the beer before he caused the collision.

The dram shop act (OCGA § 51-1-40) provides in relevant part:

(a) The General Assembly finds and declares that the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person, except as otherwise provided in subsection (b) of this Code section.

[1] The complaint named as defendants Exprezit! Stores 98-Georgia, LLC and Exprezit! Convenience Stores, LLC, along with two individuals employed at the store, Sandra Delk and Phylis Gayle Smith. We collectively refer to these defendants as Exprezit!

(b) A person who sells, furnishes, or serves alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury, death, or damage caused by or resulting from the intoxication of such person, including injury or death to other persons; provided, however, a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, or who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor or person when the sale, furnishing, or serving is the proximate cause of such injury or damage. . . .

1. Under these provisions, the Floreses sued to establish Exprezit!'s liability for injuries their child suffered in the collision on the following contentions: (1) that, prior to the collision, Exprezit! knowingly sold packaged beer to Grundell, a person of lawful drinking age; (2) that Exprezit! sold the beer to Grundell while he was in a state of noticeable intoxication; (3) that Exprezit! knew Grundell would soon be driving a motor vehicle; (4) that, prior to the collision, Grundell was intoxicated as a result of consuming beer Exprezit! sold to him; and (5) that the collision and resulting injuries were caused by or resulted from Grundell's intoxication, and therefore Exprezit!'s sale of the beer to Grundell about four hours prior to the collision was a proximate cause of the collision and the injuries. The trial court granted Exprezit!'s motion for summary judgment on the basis that the Floreses failed to produce sufficient evidence to create a factual question on two elements of the claim: (1) that Exprezit! sold beer to Grundell and (2) assuming Exprezit! sold beer to Grundell, that the sale was a proximate cause of the collision and injuries. We find that the evidence was sufficient to create a jury issue and reverse the trial court's grant of summary judgment to Exprezit!.

The only Exprezit! employee working at the store testified that she saw Grundell drive up to the store, enter the store and stay near the cash register area, and then leave the store and drive away, but she denied selling beer or any alcoholic beverage to Grundell. The Floreses produced evidence from other witnesses who saw Grundell enter the store and then exit the store carrying packaged beer.[2]

---

[2] The Floreses also produced evidence that Grundell was intoxicated while he was at the store.

Because none of the witnesses produced by the Floreses could testify that they actually saw Grundell purchase the beer inside the store, the trial court ruled that this was insufficient to create a factual issue in the face of direct testimony from the Exprezit! employee that there was no sale of beer to Grundell. "Circumstantial evidence has no probative value to establish a fact where it is consistent with direct, unimpeached evidence showing the nonexistence of such fact." *Rosales v. Davis*, 260 Ga. App. 709, 712 (580 SE2d 662) (2003); *Blount v. Sutton*, 114 Ga. App. 767, 770 (152 SE2d 777) (1966). In other words,

> [b]efore circumstantial evidence can have any probative value to rebut or contradict direct and positive testimony of an unimpeached witness of the alleged facts in question, such evidence must point at least more strongly to a conclusion opposite to the direct testimony. It is not sufficient that such circumstantial evidence points equally one way or the other.

*Griffin v. Blackshear Bank*, 66 Ga. App. 821, 825 (19 SE2d 325) (1942). We find that direct evidence showing Grundell entered the store and shortly thereafter exited the store carrying packaged beer was also circumstantial evidence that Grundell purchased the beer in the store, and that the circumstantial evidence at least pointed more strongly to a conclusion opposite to the direct testimony from the Exprezit! employee that there was no sale of beer. Accordingly, the evidence was sufficient to create a jury issue as to whether Exprezit! sold beer to Grundell. Id.

The trial court also found that, even if Exprezit! sold beer to Grundell about four hours prior to the collision, as a matter of law, the evidence was insufficient to show that the sale of said beer was a proximate cause of the collision and resulting injuries. The Floreses produced testimony from a witness that, after Grundell drove away from the Exprezit! store with the packaged beer he carried out of the store, he drove to two different locations where, prior to the collision, he consumed a portion of that beer and appeared intoxicated. Other evidence showed that Grundell was driving at the time of the collision with a blood-alcohol level in excess of the legal limit. We find the evidence was sufficient to create a jury issue as to whether a proximate cause of the collision and resulting injuries was Exprezit!'s sale of packaged beer to Grundell and his intoxication from consumption of that beer prior to the collision.

2. The Floreses contend that the trial court erred by denying their motion claiming that Exprezit! engaged in spoliation of evidence by failing to preserve the store's surveillance video and sales

receipts from the day that Grundell allegedly purchased the beer from the store, and that this entitled them to a rebuttable presumption that the evidence would have been harmful to Exprezit!. "Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation." *Craig v. Bailey Brothers Realty*, 304 Ga. App. 794, 796-797 (697 SE2d 888) (2010) (citations and punctuation omitted).

> To meet the standard for proving spoliation, the injured party must show that the alleged tortfeasor was put on notice that the party was contemplating litigation. The simple fact that someone is injured in an accident, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation.

*Id.* (citation and punctuation omitted). In other words, in the absence of pending litigation, notice of the mere "potential for litigation" is not enough. *Silman v. Assocs. Bellemeade*, 286 Ga. 27-28 (685 SE2d 277) (2009); *Kitchens v. Brusman*, 303 Ga. App. 703, 707 (694 SE2d 667) (2010). "The trial court has wide discretion in resolving spoliation issues, and we will not disturb its ruling absent abuse." *Paggett v. Kroger Co.*, 311 Ga. App. 690, 692 (716 SE2d 792) (2011).

The collision at issue occurred on January 3, 2004, and, in the normal course of business, Exprezit! taped over the video seven days later and discarded the sales records within two or three weeks. This was long before the Floreses filed suit on December 29, 2005. We find no abuse of discretion in the trial court's conclusion that the record showed Exprezit! had no notice that the Floreses were contemplating litigation when the evidence was discarded. Accordingly, we affirm the trial court's ruling that there was no spoliation.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 5, 2012.

*Edward J. Bauer, Brandon R. Day, M. Katherine Durant*, for appellants.

*Fain, Major & Brennan, Gene A. Major, Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., Weinberg, Wheeler, Hudgins, Gunn & Dial, Y. Kevin Williams, John B. Jackson, Michael*

*A. Sexton, Charles L. Clay, Jr., Buckley Brown, Robert C. Semler, Douglas L. Gibson*, for appellees.